DEALY SILBERSTEIN & BRAVERMAN LLP
Laurence J. Lebowitz, Esq. (LL6816)
Amanda E. Maguire, Esq.  (AM1775)
225 Broadway, Suite 1405
New York, New York 10007
Tel: (212) 385-0066
Fax: (212) 385-2117
llebowitz@dsblawny.com
amaguire@dsblawny.com
*Attorneys for Defendants County-Wide*
*Masonry Corp. and Anthony Derasmo*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
GERARDO MOTA BAUTISTA, HUGO
BAUTISTA, JUAN LUIS OVANDO
ZEPEDA, JUAN ZEPEDA, JULIO RICARDO
ALVAREZ MACATOMA, LEONCIO
TORRES ACUNA, MARIO MORALES
ROJAS, OMAR RODRIGUEZ, and
ANTONIO LIMON HERNANDEZ                        Case No.: 19-cv-08808-AT
*Individually and on behalf of others similarly*
*situated,*

                  Plaintiffs,              **ANSWER WITH**
                                                        **AFFIRMATIVE DEFENSES &**
    -against-                                     **CROSS-CLAIMS**

COUNTY-WIDE MASONRY CORP.,
CARBEN INDUSTRIES INC., CARBEN
CONCRETE INC., CARBEN CONSTRUCTION
INC., ANTHONY DERASMO, ANTHONY
LOGIUDICE, RONALD BROWNING and
MARTIN DOE a/k/a PERU,

                 Defendants.
----------------------------------------------------------------X

       Defendants  COUNTY-WIDE  MASONRY  CORP.  ("County-Wide")  and  ANTHONY

DERASMO ("Derasmo")(collectively, the "County-Wide Defendants"), by their attorneys Dealy

Silberstein & Braverman, LLP, answer the Second Amended Complaint of Plaintiffs GERARDO

MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA,

JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ and ANTONIO LIMON HERNANDEZ (collectively, "Plaintiffs") as follows:

## AS AND FOR A RESPONSE TO NATURE OF ACTION

1. The County-Wide Defendants deny the allegations contained in Paragraph 1 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

2. The County-Wide Defendants deny the allegations contained in Paragraph 2 of the Second Amended Complaint, except admit that County-Wide Masonry is a construction company with a principal place of business at 87 Wolfs Lane, Pelham, NY 10803.

3. The County-Wide Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint, except admit that Derasmo is the owner and principal of County-Wide.

4. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Second Amended Complaint.

5. The County-Wide Defendants deny the allegations contained in Paragraph 5 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

6. The County-Wide Defendants deny the allegations contained in Paragraph 6 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

7.  The County-Wide Defendants deny the allegations contained in Paragraph 7 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

8.  The County-Wide Defendants deny the allegations contained in Paragraph 8 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

9.  The County-Wide Defendants deny the allegations contained in Paragraph 9 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

10. The County-Wide Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

11. The County-Wide Defendants deny the allegations contained in paragraph 11 of the Second Amended Complaint, except admit that Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the County-Wide Defendants respectfully refer all questions of law to the Court.

12. There is no allegation of fact contained in paragraph 12 of the Second Amended Complaint which would require a response.  To the extent a response is required, the County-Wide Defendants deny the allegations contained in paragraph 12 of the Second Amended Complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A RESPONSE TO JURISDICTION AND VENUE

13. There is no allegation of fact contained in paragraph 13 of the Second Amended Complaint which would require a response.  To the extent a response is required, the County-Wide Defendants deny the allegations contained in paragraph 13 of the Second Amended Complaint, and respectfully refer all questions of law to the Court.

14. There is no allegation of fact contained in paragraph 14 of the Second Amended Complaint which would require a response.  To the extent a response is required, the County-Wide Defendants deny the allegations contained in paragraph 14 of the Second Amended Complaint, and respectfully refer all questions of law to the Court

## AS AND FOR A RESPONSE TO PARTIES

*Plaintiffs*

15. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Second Amended Complaint.

16. The County-Wide Defendants deny the allegations contained in paragraph 16 of the Second Amended Complaint, and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

17. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Second Amended Complaint.

18. The County-Wide Defendants deny the allegations contained in paragraph 18 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

19. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Second Amended Complaint.

20. The County-Wide Defendants deny the allegations contained in paragraph 20 of the Second Amended Complaint, and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

21. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Second Amended Complaint.

22. The County-Wide Defendants deny the allegations contained in paragraph 20 of the Second Amended Complaint, and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

23. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Second Amended Complaint.

24. The County-Wide Defendants deny the allegations contained in paragraph 24 of the Second Amended Complaint, and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

25. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Second Amended Complaint.

26. The County-Wide Defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint, and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

27. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Second Amended Complaint.

28. The County-Wide Defendants deny the allegations contained in paragraph 28 of the Second Amended Complaint, and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

29. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Second Amended Complaint.

30. The County-Wide Defendants deny the allegations contained in paragraph 30 of the Second Amended Complaint, and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

31. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Second Amended Complaint.

32. The County-Wide Defendants deny the allegations contained in paragraph 32 of the Second Amended Complaint, and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

*Defendants*

33. The County-Wide Defendants deny the allegations contained in Paragraph 33 of the Second Amended Complaint, except admit that County-Wide Masonry is a construction company with a principal place of business at 87 Wolfs Lane, Pelham, NY 10803.

34. The County-Wide Defendants admit the allegations contained in Paragraph 34 of the Second Amended Complaint.

35. The County-Wide Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Second Amended Complaint.

37. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Second Amended Complaint.

38. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Second Amended Complaint.

39. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

40. The County-Wide Defendants deny the allegations contained in Paragraph 40 of the Second Amended Complaint, except admit that County-Wide Masonry is a construction company.

41. The County-Wide Defendants deny the allegations contained in Paragraph 41 of the Second Amended Complaint, except admit that Derasmo possesses an ownership interest in County-Wide.

42. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Second Amended Complaint.

43. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Second Amended Complaint.

44. The County-Wide Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. The County-Wide Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint.

46. The County-Wide Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint.

47. The County-Wide Defendants deny the allegations contained in Paragraph 47 of the Second Amended Complaint and respectfully refer all questions of law to the Court.

48. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Second Amended Complaint.

49. The County-Wide Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. The County-Wide Defendants deny the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Second Amended Complaint.

52. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Second Amended Complaint.

*Individual Plaintiffs*

53. The County-Wide Defendants deny the allegations contained in Paragraph 53 of the Second Amended Complaint and specifically aver that Plaintiffs were not employed by the County-Wide Defendants.

54. The County-Wide Defendants deny the allegations contained in Paragraph 54 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

55. The County-Wide Defendants deny the allegations contained in Paragraph 55 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

56. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Second Amended Complaint.

57. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Second Amended Complaint.

58. The County-Wide Defendants deny the allegations contained in paragraph 58 of the Second Amended Complaint, and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

59. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Second Amended Complaint.

60. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Second Amended Complaint.

61. The County-Wide Defendants deny the allegations contained in Paragraph 61 of the Second Amended Complaint, and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

62. The County-Wide Defendants deny the allegations contained in Paragraph 62 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

63. The County-Wide Defendants deny the allegations contained in Paragraph 63 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

64. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Second Amended Complaint.

65. The County-Wide Defendants deny the allegations contained in Paragraph 64 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

66. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Second Amended Complaint.

67. The County-Wide Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

68. The County-Wide Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

69. The County-Wide Defendants deny the allegations contained in Paragraph 69 of the Second Amended Complaint and specifically aver that Plaintiff Mota was not employed by the County-Wide Defendants.

*Plaintiff Hugo Bautista*

70. The County-Wide Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

71. The County-Wide Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

72. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Second Amended Complaint.

73. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Second Amended Complaint.

74. The County-Wide Defendants deny the allegations contained in paragraph 74 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

75. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Second Amended Complaint.

76. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Second Amended Complaint.

77. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Second Amended Complaint.

78. The County-Wide Defendants deny the allegations contained in Paragraph 78 of the Second Amended Complaint and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

79. The County-Wide Defendants deny the allegations contained in Paragraph 79 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

80. The County-Wide Defendants deny the allegations contained in paragraph 80 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

81. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Second Amended Complaint.

82. The County-Wide Defendants deny the allegations contained in Paragraph 82 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

83. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Second Amended Complaint.

84. The County-Wide Defendants deny the allegations contained in Paragraph 85 of the Second Amended Complaint, and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

85. The County-Wide Defendants deny the allegations contained in Paragraph 85 of the Second Amended Complaint and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

86. The County-Wide Defendants deny the allegations contained in Paragraph 86 of the Second Amended Complaint and specifically aver that Plaintiff Bautista was not employed by the County-Wide Defendants.

*Plaintiff Juan Luis Ovando Zepeda*

87. The County-Wide Defendants deny the allegations contained in Paragraph 87 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

88. The County-Wide Defendants deny the allegations contained in Paragraph 88 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

89. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Second Amended Complaint.

90. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Second Amended Complaint.

91. The County-Wide Defendants deny the allegations contained in Paragraph 91 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

92. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Second Amended Complaint.

93. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Second Amended Complaint.

94. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Second Amended Complaint.

95. The County-Wide Defendants deny the allegations contained in Paragraph 95 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

96. The County-Wide Defendants deny the allegations contained in Paragraph 96 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

97. The County-Wide Defendants deny the allegations contained in Paragraph 97 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

98. The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Second Amended Complaint.

99. The County-Wide Defendants deny the allegations contained in Paragraph 99 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

100.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Second Amended Complaint.

101.     The County-Wide Defendants deny the allegations contained in Paragraph 101 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

102.     The County-Wide Defendants deny the allegations contained in Paragraph 102 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

103.     The County-Wide Defendants deny the allegations contained in Paragraph 103 of the Second Amended Complaint and specifically aver that Plaintiff Ovando was not employed by the County-Wide Defendants.

*Plaintiff Juan Zepeda*

104.     The County-Wide Defendants deny the allegations contained in Paragraph 104 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

105.     The County-Wide Defendants deny the allegations contained in Paragraph 105 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

106.    The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Second Amended Complaint.

107.    The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Second Amended Complaint.

108.    The County-Wide Defendants deny the allegations contained in Paragraph 108 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

109.    The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Second Amended Complaint.

110.    The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Second Amended Complaint.

111.    The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Second Amended Complaint.

112.    The County-Wide Defendants deny the allegations contained in Paragraph 112 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

113.     The County-Wide Defendants deny the allegations contained in Paragraph 113 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

114.     The County-Wide Defendants deny the allegations contained in Paragraph 114 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

115.     The County-Wide Defendants deny the allegations contained in Paragraph 115 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

116.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Second Amended Complaint.

117.     The County-Wide Defendants deny the allegations contained in Paragraph 117 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

118.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Second Amended Complaint.

119.     The County-Wide Defendants deny the allegations contained in Paragraph 119 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

120.     The County-Wide Defendants deny the allegations contained in Paragraph 120 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

121.     The County-Wide Defendants deny the allegations contained in Paragraph 121 of the Second Amended Complaint and specifically aver that Plaintiff Zepeda was not employed by the County-Wide Defendants.

*Plaintiff Julio Ricardo Alvarez Macatoma*

122.     The County-Wide Defendants deny the allegations contained in Paragraph 122 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

123.     The County-Wide Defendants deny the allegations contained in Paragraph 123 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

124.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Second Amended Complaint.

125.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Second Amended Complaint.

126.     The County-Wide Defendants deny the allegations contained in Paragraph 126 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

127.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Second Amended Complaint.

128.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Second Amended Complaint.

129.     The County-Wide Defendants deny the allegations contained in Paragraph 129 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

130.     The County-Wide Defendants deny the allegations contained in Paragraph 130 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

131.     The County-Wide Defendants deny the allegations contained in Paragraph 131 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

132.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Second Amended Complaint.

133.     The County-Wide Defendants deny the allegations contained in Paragraph 133 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

134.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Second Amended Complaint.

135.     The County-Wide Defendants deny the allegations contained in Paragraph 135 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

136.     The County-Wide Defendants deny the allegations contained in Paragraph 136 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

137.     The County-Wide Defendants deny the allegations contained in Paragraph 137 of the Second Amended Complaint and specifically aver that Plaintiff Alvarez was not employed by the County-Wide Defendants.

*Plaintiff Leoncio Torres Acuna*

138.     The County-Wide Defendants deny the allegations contained in Paragraph 138 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

139.     The County-Wide Defendants deny the allegations contained in Paragraph 139 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

140.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 of the Second Amended Complaint.

141.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 of the Second Amended Complaint.

142.     The County-Wide Defendants deny the allegations contained in Paragraph 142 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

143.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Second Amended Complaint.

144.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Second Amended Complaint.

145.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Second Amended Complaint.

146.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Second Amended Complaint.

147.     The County-Wide Defendants deny the allegations contained in Paragraph 147 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

148.    The County-Wide Defendants deny the allegations contained in Paragraph 148 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

149.    The County-Wide Defendants deny the allegations contained in Paragraph 149 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

150.    The County-Wide Defendants deny the allegations contained in Paragraph 150 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

151.    The County-Wide Defendants deny the allegations contained in Paragraph 151 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

152.    The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Second Amended Complaint.

153.    The County-Wide Defendants deny the allegations contained in Paragraph 153 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

154.    The County-Wide Defendants deny the allegations contained in Paragraph 154 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

155.     The County-Wide Defendants deny the allegations contained in Paragraph 155 of the Second Amended Complaint and specifically aver that Plaintiff Torres was not employed by the County-Wide Defendants.

*Plaintiff Mario Morales Rojas*

156.     The County-Wide Defendants deny the allegations contained in Paragraph 156 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

157.     County-Wide Defendants deny the allegations contained in Paragraph 157 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

158.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Second Amended Complaint.

159.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the Second Amended Complaint.

160.     The County-Wide Defendants deny the allegations contained in Paragraph 160 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

161.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the Second Amended Complaint.

162.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Second Amended Complaint.

163.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the Second Amended Complaint.

164.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Second Amended Complaint.

165.     The County-Wide Defendants deny the allegations contained in Paragraph 165 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

166.     The County-Wide Defendants deny the allegations contained in Paragraph 166 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

167.     The County-Wide Defendants deny the allegations contained in Paragraph 167 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

168.     The County-Wide Defendants deny the allegations contained in Paragraph 168 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

169.     The County-Wide Defendants deny the allegations contained in Paragraph 169 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

170.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 of the Second Amended Complaint.

171.     The County-Wide Defendants deny the allegations contained in Paragraph 171 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

172.     The County-Wide Defendants deny the allegations contained in Paragraph 172 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

173.     The County-Wide Defendants deny the allegations contained in Paragraph 173 of the Second Amended Complaint and specifically aver that Plaintiff Morales was not employed by the County-Wide Defendants.

*Plaintiff Omar Rodriguez*

174.     The County-Wide Defendants deny the allegations contained in Paragraph 174 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

175.     The County-Wide Defendants deny the allegations contained in Paragraph 175 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

176.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Second Amended Complaint.

177.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Second Amended Complaint.

178.     The County-Wide Defendants deny the allegations contained in Paragraph 178 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

179.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 of the Second Amended Complaint.

180.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Second Amended Complaint.

181.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Second Amended Complaint.

182.     The County-Wide Defendants deny the allegations contained in Paragraph 182 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

183.     The County-Wide Defendants deny the allegations contained in Paragraph 183 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

184.     The County-Wide Defendants deny the allegations contained in Paragraph 184 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

185.     The County-Wide Defendants deny the allegations contained in Paragraph 185 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

186.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 186 of the Second Amended Complaint.

187.     The County-Wide Defendants deny the allegations contained in Paragraph 187 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

188.     The County-Wide Defendants deny the allegations contained in Paragraph 188 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

189.     The County-Wide Defendants deny the allegations contained in Paragraph 189 of the Second Amended Complaint and specifically aver that Plaintiff Rodriguez was not employed by the County-Wide Defendants.

*Plaintiff Antonio Limon Hernandez*

190.     The County-Wide Defendants deny the allegations contained in Paragraph 190 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

191.     The County-Wide Defendants deny the allegations contained in Paragraph 191 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

192.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Second Amended Complaint.

193.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Second Amended Complaint.

194.     The County-Wide Defendants deny the allegations contained in Paragraph 194 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

195.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the Second Amended Complaint.

196.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 196 of the Second Amended Complaint.

197.     The County-Wide Defendants deny the allegations contained in Paragraph 197 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

198.     The County-Wide Defendants deny the allegations contained in Paragraph 198 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

199.     The County-Wide Defendants deny the allegations contained in Paragraph 199 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

200.     The County-Wide Defendants deny the allegations contained in Paragraph 200 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

201.     The County-Wide Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Second Amended Complaint.

202.     The County-Wide Defendants deny the allegations contained in Paragraph 202 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

203.     The County-Wide Defendants deny the allegations contained in Paragraph 203 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

204.     The County-Wide Defendants deny the allegations contained in Paragraph 204 of the Second Amended Complaint and specifically aver that Plaintiff Hernandez was not employed by the County-Wide Defendants.

*Defendants' General Employment Practices*

205.     The County-Wide Defendants deny the allegations contained in Paragraph 205 of the Second Amended Complaint.

206.     The County-Wide Defendants deny the allegations contained in Paragraph 206 of the Second Amended Complaint.

207.     The County-Wide Defendants deny the allegations contained in Paragraph 207 of the Second Amended Complaint.

208.     The County-Wide Defendants deny the allegations contained in Paragraph 208 of the Second Amended Complaint.

209.     The County-Wide Defendants deny the allegations contained in Paragraph 209 of the Second Amended Complaint.

210.     The County-Wide Defendants deny the allegations contained in Paragraph 210 of the Second Amended Complaint.

211.     The County-Wide Defendants deny the allegations contained in Paragraph 211 of the Second Amended Complaint.

212.     The County-Wide Defendants deny the allegations contained in Paragraph 212 of the Second Amended Complaint.

213.     The County-Wide Defendants deny the allegations contained in Paragraph 213 of the Second Amended Complaint.

214.     The County-Wide Defendants deny the allegations contained in Paragraph 214 of the Second Amended Complaint.

215.     The County-Wide Defendants deny the allegations contained in Paragraph 215 of the Second Amended Complaint.

**AS AND FOR A RESPONSE TO FLSA COLLECTIVE ACTION CLAIMS**

216.     There is no allegation of fact contained in paragraph 216 of the Second Amended Complaint which would require a response.  To the extent a response is required, the Noble Defendants deny the allegations contained in paragraph 216 of the Second Amended Complaint, and respectfully refer all questions of law to the Court.

217.     The County-Wide Defendants deny the allegations contained in Paragraph 217 of the Second Amended Complaint.

218.     There is no allegation of fact contained in paragraph 218 of the Amended Complaint which would require a response.  To the extent a response is required, the Noble Defendants deny the allegations contained in paragraph 216 of the Second Amended Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

219.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 218 of the Second Amended Complaint, as if fully set forth herein.

220.     The County-Wide Defendants deny the allegations contained in Paragraph 220 of the Second Amended Complaint.

221.     The County-Wide Defendants deny the allegations contained in Paragraph 221 of the Second Amended Complaint.

222.     The County-Wide Defendants deny the allegations contained in Paragraph 222 of the Second Amended Complaint.

223.     The County-Wide Defendants deny the allegations contained in Paragraph 223 of the Second Amended Complaint.

224.     The County-Wide Defendants deny the allegations contained in Paragraph 224 of the Second Amended Complaint.

225.     The County-Wide Defendants deny the allegations contained in Paragraph 225 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

226.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 225 of the Second Amended Complaint, as if fully set forth herein.

227.     The County-Wide Defendants deny the allegations contained in Paragraph 227 of the Second Amended Complaint.

228.     The County-Wide Defendants deny the allegations contained in Paragraph 228 of the Second Amended Complaint.

229.     The County-Wide Defendants deny the allegations contained in Paragraph 229 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

230.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 229 of the Second Amended Complaint, as if fully set forth herein.

231.     The County-Wide Defendants deny the allegations contained in Paragraph 231 of the Second Amended Complaint.

232.     The County-Wide Defendants deny the allegations contained in Paragraph 232 of the Second Amended Complaint.

233.     The County-Wide Defendants deny the allegations contained in Paragraph 233 of the Second Amended Complaint.

234.     The County-Wide Defendants deny the allegations contained in Paragraph 234 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

235.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 234 of the Second Amended Complaint, as if fully set forth herein.

236.     The County-Wide Defendants deny the allegations contained in Paragraph 236 of the Second Amended Complaint.

237.     The County-Wide Defendants deny the allegations contained in Paragraph 237 of the Second Amended Complaint.

238.     The County-Wide Defendants deny the allegations contained in Paragraph 238 of the Second Amended Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

239.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 238 of the Second Amended Complaint, as if fully set forth herein.

240.     The County-Wide Defendants deny the allegations contained in Paragraph 240 of the Second Amended Complaint.

241.     The County-Wide Defendants deny the allegations contained in Paragraph 241 of the Second Amended Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

242.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 241 of the Second Amended Complaint, as if fully set forth herein.

243.     The County-Wide Defendants deny the allegations contained in Paragraph 243 of the Second Amended Complaint.

244.     The County-Wide Defendants deny the allegations contained in Paragraph 244 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

245.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 244 of the Second Amended Complaint, as if fully set forth herein.

246.     The County-Wide Defendants deny the allegations contained in Paragraph 246 of the Second Amended Complaint.

247.     The County-Wide Defendants deny the allegations contained in Paragraph 247 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

248.     The County-Wide Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 247 of the Second Amended Complaint, as if fully set forth herein.

249.     The County-Wide Defendants deny the allegations contained in Paragraph 249 of the Second Amended Complaint.

250.     The County-Wide Defendants deny the allegations contained in Paragraph 250 of the Second Amended Complaint.

The County-Wide Defendants deny that Plaintiffs are entitled to any of the relief requested in the "PRAYER FOR RELIEF" clause of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

251. The Second Amended Complaint fails to state a claim against the County-Wide Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

252. At all relevant times, the County-Wide Defendants acted in good faith and have not violated any rights secured under any federal, state or local laws, rules, regulations or guidelines.

## THIRD AFFIRMATIVE DEFENSE

253. The Second Amended Complaint fails to state a claim under Federal or New York law upon which either pre-judgment or post-judgment interest, punitive, exemplary or liquidated damages or attorneys' fees may be awarded.

## FOURTH AFFIRMATIVE DEFENSE

254. Neither the Plaintiffs nor any member of the proposed class that they seek to represent can establish a willful violation under the FLSA or NYLL.

## FIFTH AFFIRMATIVE DEFENSE

255. The County-Wide Defendants did not proximately cause Plaintiffs nor any member of the proposed class that they seek to represent to sustain any actionable damages.

## SIXTH AFFIRMATIVE DEFENSE

256. Class certification is inappropriate, as common questions of law and/or fact do not predominate among the putative members and Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

257. Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## EIGHTH AFFIRMATIVE DEFENSE

258. Class certification is inappropriate, as the numerosity requirement cannot be met.

## NINTH AFFIRMATIVE DEFENSE

259.     The County-Wide Defendants assert every defense available to them pursuant to the NYLL.

## TENTH AFFIRMATIVE DEFENSE

260.     The County-Wide Defendants assert all affirmative defenses provided by Section 195 of the NYLL and all statutory affirmative defenses to the New York State record keeping requirements.

## ELEVENTH AFFIRMATIVE DEFENSE

261. Plaintiffs' claims, and each of them brought on behalf of themselves and the putative class members as set forth in the Second Amended Complaint, are in whole or in part *de minimus.*

## TWELFTH AFFIRMATIVE DEFENSE

262. Plaintiffs were not employed by the County-Wide Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

263. The County-Wide Defendants reserve the right to amend their Answer to raise additional defenses or pursue any available counterclaims against Plaintiffs and/or the proposed class that they seek to represent as those claims become known during the action.

## CROSS-CLAIMS

The County-Wide Defendants, by way of Cross-Claims against Carben Industries, Inc. ("Carben Industries") and Carben Construction, Inc. ("Carben Construction")(collectively, the "Indemnitors"), alleges the following:

## BACKGROUND FACTS

1. On or about November 18, 2018, County-Wide and Carben Industries entered into an agreement whereby Carben Industries agreed to "perform and…furnish all work, labor, services, materials, plans, equipment, tools, scaffolds, appliances and all other thins necessary for the completion of [Carben Industries'] work…for the project known as 120 Water St. located at 120 Water Street, NYC, NY" (the "120 Water Street Agreement").

2. Shortly thereafter, on or about January 15, 2019, County-Wide entered into a separate agreement with Carben Construction whereby Carben Construction agreed to "perform and…furnish all work, labor, services, materials, plans, equipment, tools, scaffolds, appliances and all other thins necessary for the completion of [Carben Construction's] work…for the project known as 70 Schermerhorn located at 70 Schermerhorn BK, NY" (the "70 Schermerhorn Agreement")(collectively, with the 120 Water Street Agreement, the "Indemnity Agreements").

3. Pursuant to the Indemnity Agreements, the Indemnitors agreed, among other things, to:

> indemnify, defend and hold harmless County-Wide, [Construction Manager] [General Contractor], Owner, the Owner's Representative, the Architect(s), their respective officers, trustees, members, directors, agents, employees and partners (collectively, thee "Indemnified Parties"), from and against any and all losses, claims, suits, damages, liabilities, (including without limitation, attorneys' fees and costs whether for defense of any underlying claim, in the enforcement of this Agreement, in the prosecution of any claims for indemnification or in the pursuit of any claim for insurance coverage required by this Agreement) and the deductible amount of any insurance coverage, directly or indirectly arising out of, the negligent acts or omissions of the Sub-Subcontractor, its sub-subcontractors at any tier and any persons for whose acts they may be responsible or alleged to arise out of or in connection with or as a consequence of the performance or non-performance of the Work of the Sub-Subcontractor or such Sub-Subcontractor's respective agents, subcontractors or employees pursuant to this Agreement, including any additional work performed by Sub-Subcontractor as

required by Agreement by Change Order or otherwise (collectively, "Damages")….The indemnification obligations contained in this Article XXI shall not be construed to negate, abridge or otherwise reduce any other right or indemnity which would otherwise exist as to any Indemnified Party.

**AS AND FOR A FIRST CROSS-CLAIM BY THE COUNTY-WIDE DEFENDANTS AGAINST CARBEN INDUSTRIES**
**(Contractual Indemnification Pursuant to the 120 Water Street Agreement)**

4.  The County-Wide Defendants repeat and re-aver each and every allegation contained in the preceding paragraphs of these Cross-Claims with the same force and effect as if fully set forth herein.

5.  The 120 Water Street Agreement represents a valid, binding, enforceable contract by and between the County-Wide Defendants and Carben Industries.

6.  Pursuant to the clear terms of the 120 Water Street Agreement, Carben Industries is required to indemnify the County-Wide Defendants for any liability related to the performance of the its work, including the alleged wage violations complained of herein.

7.  Carben Industries has failed to honor its obligations under the 120 Water Street Agreement to, among other things, hold harmless, defend, indemnify and keep indemnified the County-Wide Defendants for the damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature arising from Plaintiffs' claims in this lawsuit.

8.  As a result of the foregoing, the County-Wide Defendants have sustained and/or may sustain damages by reason of Carben Industries' failure to honor its contractual obligations under the 120 Water Street Agreement.

**AS AND FOR A SECOND CROSS-CLAIM BY THE COUNTY-WIDE
DEFENDANTS AGAINST CARBEN INDUSTRIES
(Common Law Indemnification Pursuant to the 120 Water Street Agreement)**

9. The County-Wide Defendants repeat and re-aver each and every allegation contained in the preceding paragraphs of these Cross-Claims with the same force and effect as if fully set forth herein.

10. Pursuant to the 120 Water Street Agreement, Carben Industries was solely and exclusively responsible for supplying the labor on certain construction jobs and for correctly and appropriately compensating any such labor force for work performed on the projects.

11. The alleged wrongful acts complained of by Plaintiffs' herein were due solely to Carben Industries' improper conduct.

12. The County-Wide Defendants were in no way responsible for the alleged wrongful acts complained of herein by Plaintiffs.

13. As a result of the foregoing, the County-Wide Defendants have sustained and/or may sustain damages by reason of Carben Industries' failure to honor its common law obligations arising under the 120 Water Street Agreement.

**AS AND FOR A THIRD CROSS-CLAIM BY THE COUNTY-WIDE
DEFENDANTS AGAINST CARBEN INDUSTRIES
(Contractual Indemnification Pursuant to the 70 Schermerhorn Agreement)**

14. The County-Wide Defendants repeat and re-aver each and every allegation contained in the preceding paragraphs of these Cross-Claims with the same force and effect as if fully set forth herein.

15. The 120 Water Street Agreement represents a valid, binding, enforceable contract by and between the County-Wide Defendants and Carben Construction.

16. Pursuant to the clear terms of the 70 Schermerhorn Agreement, Carben Construction is required to indemnify the County-Wide Defendants for any liability related to the performance of the its work, including the alleged wage violations complained of herein.

17. Carben Construction has failed to honor its obligations under the 70 Schermerhorn Agreement to, among other things, hold harmless, defend, indemnify and keep indemnified the County-Wide Defendants for the damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature arising from Plaintiffs' claims in this lawsuit.

18. As a result of the foregoing, the County-Wide Defendants have sustained and/or may sustain damages by reason of Carben Industries' failure to honor its contractual obligations under the 70 Schermerhorn Agreement.

### AS AND FOR A FOURTH CROSS-CLAIM BY THE COUNTY-WIDE DEFENDANTS AGAINST CARBEN INDUSTRIES
**(Common Law Indemnification Pursuant to the 70 Schermerhorn Agreement)**

19. The County-Wide Defendants repeat and re-aver each and every allegation contained in the preceding paragraphs of these Cross-Claims with the same force and effect as if fully set forth herein.

20. Pursuant to the 70 Schermerhorn Agreement, Carben Construction was solely and exclusively responsible for supplying the labor on certain construction jobs and for correctly and appropriately compensating any such labor force for work performed on the projects.

21. The alleged wrongful acts complained of by Plaintiffs' herein were due solely to Carben Construction's improper conduct.

22. The County-Wide Defendants were in no way responsible for the alleged wrongful acts complained of herein by Plaintiffs.

23. As a result of the foregoing, the County-Wide Defendants have sustained and/or may sustain damages by reason of Carben Construction's failure to honor its common law obligations arising under the 70 Schermerhorn Agreement.

**WHEREFORE**, the County-Wide Defendants demand judgment:

As to the County-Wide Defendants' First Cause of Action, the County-Wide Defendants respectfully demand that judgment be entered against Carben Industries:

a. for contractual indemnification for all damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature, which the County-Wide Defendants may sustain or incur as a result of Plaintiffs' claims in this lawsuit and/or the enforcement of any rights under the 120 Water Street Agreement, together with appropriate interest thereon;

b. for declaratory relief, declaring the Indemnitors liable to the County-Wide Defendants for all damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature, which the County-Wide Defendants may sustain or incur as a result of Plaintiffs' claims in this lawsuit and/or the enforcement of any rights under the 120 Water Street Agreement;

c. for attorneys' fees and costs of suit; and

d. for such other and further relief, legal or otherwise that this Court may deem just and proper.

As to the County-Wide Defendants' Second Cause of Action, the County-Wide Defendants respectfully demand judgment against Carben Industries as follows:

a.  for common law indemnification for all losses, costs, expenses, and attorneys' fees incurred by the County-Wide Defendants, and any and all liability, loss, cost, expense, and attorneys' fees to be incurred by the County-Wide Defendants as a result of their having executed the 120 Water Street Agreement, together with appropriate interest thereon;

b.  for attorneys' fees and costs of suit; and

c.  awarding the County-Wide Defendants such other and further relief as the court deems just, equitable and proper.

As to the County-Wide Defendants' Third Cause of Action, the County-Wide Defendants respectfully demand that judgment be entered against Carben Construction:

e.  for contractual indemnification for all damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature, which the County-Wide Defendants may sustain or incur as a result of Plaintiffs' claims in this lawsuit and/or the enforcement of any rights under the 70 Schermerhorn Agreement, together with appropriate interest thereon;

f.  for declaratory relief, declaring the Indemnitors liable to the County-Wide Defendants for all damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature, which the County-Wide Defendants may sustain or incur as a result of Plaintiffs' claims in this lawsuit and/or the enforcement of any rights under the 70 Schermerhorn Agreement;

g.  for attorneys' fees and costs of suit; and

h.  for such other and further relief, legal or otherwise that this Court may deem just and proper.

As to the County-Wide Defendants' Fourth Cause of Action, the County-Wide Defendants respectfully demands judgment against Carben Construction as follows:

d.  for common law indemnification for all losses, costs, expenses, and attorneys' fees incurred by the County-Wide Defendants, and any and all liability, loss, cost, expense, and attorneys' fees to be incurred by the County-Wide Defendants as a result of their having executed the 70 Schermerhorn Agreement, together with appropriate interest thereon;

e.  for attorneys' fees and costs of suit; and

f.  awarding the County-Wide Defendants such other and further relief as the court deems just, equitable and proper.

Dated: New York, New York
October 5, 2020

Yours, etc.,

DEALY SILBERSTEIN &
BRAVERMAN, LLP

By: _____/s/_____
Laurence J. Lebowitz (LL6816)
Amanda E. Maguire (AM1775)
*Attorneys for Defendants County-Wide Masonry Corp. and Anthony Derasmo*
225 Broadway, Suite 1405
New York, New York 10007
Tel: (212) 385-0066
Fax: (212) 385-2117
llebowitz@dsblawny.com
amaguire@dsblawny.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 5, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

<i>/s/ Amanda E. Maguire</i><br>Amanda E. Maguire (AM1775)