**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ *individually and on behalf of others similarly situated*, | : : : : : : : : : : : |
| Plaintiffs, | : : |
| vs. | : : |
| COUNTY-WIDE MASONRY CORP., CARBEN INDUSTRIES, INC., CARBEN CONCRETE, INC., ANTHONY DERASMO, ANTHONY LOGIUDICE, RONALD BROWNING, and MARTIN DOE a/k/a PERU | : : : : : : : : |
| Defendants. | : |
| CARBEN INDUSTRIES, INC. | : : |
| Third Party Plaintiff, | : : |
| vs. | : : |
| BATRUME INDUSTRIES, INC. and COUNTY-WIDE CONSTRUCTION CORP., | : : : : : |
| Third-Party Defendants. | : |

INDEX NO.: 19-cv-08808

*Civil Action*

**ANSWER TO THE COMPLAINT, ANSWER TO THE CROSS CLAIMS, AFFIRMATIVE DEFENSES AS TO THE COMPLAINT AND CROSS CLAIMS, CROSS CLAIM AGAINST CO-DEFENDANTS, AND THIRD PARTY COMPLAINT ON BEHALF OF, CARBEN INDUSTRIES, INC., CARBEN CONSTRUCTION, INC. (incorrectly pled as Carben Industries, Inc.) ANTHONY LOGIUDICE and RONALD BROWNING**

Defendants, Carben Industries, Inc., Carben Construction, Inc. (incorrectly pled as Carben Concrete, Inc.), Anthony LoGiudice and Ronald Browning, (collectively "Carben" or "Defendants") by way of Answer to the Complaint of Plaintiffs responds as follows:

## NATURE OF ACTION

1.    Denied as to Defendants.

2.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

3.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

4.    Carben admits this allegation to the extent of Carben Industries, Inc., Carben Concrete, Inc., and Carben Construction, Inc.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

12.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

## JURISDICTION AND VENUE

13.   Carben provides no response to the allegations set forth in this paragraph as they set forth a legal conclusion.

14.   Carben provides no response to the allegations set forth in this paragraph as they set forth a legal conclusion.

## PARTIES

15.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

16.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

17.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

18.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

19.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

20.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

21.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

22.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

23.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

24.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

25.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

26.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

27.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

28.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

29.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

30.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

31.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

32.   Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

33.   Denied as to Carben.

34.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

35.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

36.    Carben admits the allegations in this paragraph only as it relates to Carben Concrete, Carben Industries and Carben Construction.

37.    Denied as this paragraph alleges a legal conclusion.

38.    Denied as this paragraph alleges a legal conclusion.

39.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

## **FACTUAL ALLEGATIONS**

40.    Admitted upon information and belief.

41.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

42.    Admitted.

43.    Denied.

44.    Denied.  Any contract between defendants speaks for itself.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

50.    Denied.

51.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

52.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

58.    Denied.

59.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

60.    Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65. Denied.

66. Carben has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied as this calls for a legal conclusion.

73. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

74. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

75. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

76. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

77. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

78. Denied.

79. Denied.

80. Denied.

81.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

82.   Denied.

83.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied as this states a legal conclusion.

90.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

91.   Denied.

92.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

93.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

94.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

99.   Denied.

100.  Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

106.  Denied as this states a legal conclusion.

107.  Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

108.  Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

109.  Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

110.  Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

111.  Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

112. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

113. Denied.

114. Denied.

115. Denied.

116. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

117. Denied.

118. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied as this calls for a legal conclusion.

125. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

126. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

127. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

128. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

129. Denied.

130. Denied.

131. Denied.

132. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

133. Denied.

134. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied as this calls for a legal conclusion.

141. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

142. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

143. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

144. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

145. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

146. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

147. Denied.

148. Denied.

149. Denied.

150. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

151. Denied.

152. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied as this calls for a legal conclusion.

159. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

160. Denied.

161. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

162. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

163. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

164. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied as this calls for a legal conclusion.

177. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

178. Denied.

179. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

180. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

181. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied as this calls for a legal conclusion.

193. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

194. Denied.

195. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

196. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

## FLSA COLLECTIVE ACTION CLAIMS

216. Denied.

217. Denied.

218. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

219.  Carben repeats each of the above responses as if set forth fully herein.

220. Denied.

221. Denied as this calls for a legal conclusion.

222. Denied as this calls for a legal conclusion.

223. Denied.

224. Denied.

225. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

226. Carben repeats each of the above responses as if set forth fully herein.

227. Denied.

228. Denied.

229. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

230. Carben repeats each of the above responses as if set forth fully herein.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

235. Carben repeats each of the above responses as if set forth fully herein.

236. Denied.

237. Denied.

238. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

239. Carben repeats each of the above responses as if set forth fully herein.

240. Denied.

241. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

242. Carben repeats each of the above responses as if set forth fully herein.

243. Denied.

244. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

245. Carben repeats each of the above responses as if set forth fully herein.

246. Denied.

247. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

248. Carben repeats each of the above responses as if set forth fully herein.

249. Denied.

250. Denied.

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE**, the Carben Defendants demand judgment dismissing Plaintiffs' Complaint together with attorneys' fees, costs, and such other relief as this court deems just and proper.

### CARBEN DEFENDANTS' (Carben) ANSWER TO THE CROSS CLAIMS OF THE COUNTY-WIDE DEFENDANTS
### Background and Facts

1. Carben admits that a sub-subcontract agreement was entered into with County-Wide Masonry Corp. a/k/a County-Wide Construction Corp. for a construction project located at 70 Schermerhorn, Brooklyn, NY. Otherwise, that Contract speaks for itself.

2.     Carben admits that a sub-subcontract agreement was entered into with County-Wide Masonry Corp. a/k/a County-Wide Construction Corp. for a construction project located at 120 Water St., New York, NY.  Otherwise, that Contract speaks for itself.

3.     Denied as the Contract speaks for itself, and this allegation calls for a legal conclusion.

### As to the First Cross Claim

4.     Carben repeats and realleges each of the above paragraphs as if set forth fully above.

5.     Denied as this calls for a legal conclusion.

6.     Denied.

7.     Denied.

8.     Denied.

### As for the Second Cross Claim

9.     Carben repeats and realleges each of the above paragraphs as if set forth fully above.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

### As for the Third Cross Claim

14.    Carben repeats and realleges each of the above paragraphs as if set forth fully above.

15.    Denied as this calls for a legal conclusion.

16.    Denied.

17.    Denied.

18.    Denied.

### As for the Fourth Cross Claim

19.    Carben repeats and realleges each of the above paragraphs as if set forth fully above.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

**WHEREFORE** the Carben Defendants demand dismissal of the County-Wide Defendants' Cross Claims with prejudice, and for such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES TO THE COMPLAINT AND CROSS CLAIMS

### (As used herein, "Complaint" shall refer to Plaintiff's Complaint and any Cross Claims asserted against the Carben Defendants)

## AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE

1.  The Complaint, in whole or in part, fails to state a claim or claims upon which relief may be granted.

## AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

2.  The Court lacks subject matter jurisdiction over the claim or claims asserted in the Complaint.

## AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

3.  Defendants maintained policies or practices forbidding its workers from performing unreported (*i.e.*, "off the clock") work.

## AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE

4.  If Plaintiffs succeed in establishing any violations of the New York Labor Law, FLSA, or a breach of contract and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

## AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE

5.    This action cannot be properly maintained as a class action as Plaintiffs cannot meet all the requisite elements under CPLR 901(a) or any other applicable State or Federal Law.

## AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under applicable law.

## AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE

8.  The Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the New York Civil Practice Law and Rules ("CPLR") Federal Rules of Civil Practice, and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

## AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE

9.   Plaintiffs/Cross Claimant did not suffer any damages attributable to any actions of Defendants.

## AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE

10.   Plaintiffs'/Cross Claimant's claims all are barred by the wash and wear exception of New York Labor Law.

## AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE

11.   Plaintiffs/Cross Claimants are estopped and barred by their own conduct from recovering any relief.

## AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE

12.   Upon information and belief, Plaintiffs'/Cross Claimants' claims are barred, in whole or in part, or their recoverable damages (if any, and which Defendants deny) should be reduced, because they failed to take reasonable steps to mitigate their damages.

## AS AND FOR THEIR THIRTEENTH AFFIRMATIVE DEFENSE

13.   The Complaint is barred in whole or in part by the doctrines of laches, waiver, misrepresentation, and/or unclean hands.

## AS AND FOR THEIR FOURTEENTH AFFIRMATIVE DEFENSE

14.   Plaintiffs'/Cross Claimants' claims are barred in whole or in party by the applicable statute of limitations.

## AS AND FOR THEIR FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiffs/Cross Claimants are not entitled to relief sought in the Complaint to the extent said relief is not available under the applicable statutes, regulations, ordinances, executive orders, or other relevant provisions of law.

## AS AND FOR THEIR SIXTEENTH AFFIRMATIVE DEFENSE

16.    The Complaint fails to state a claim for relief to the extent their claims are duplicative and redundant.

## AS AND FOR THEIR SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The Complaint is barred, in whole or in part, by the failure to satisfy, exhaust, and/or comply with the necessary statutory and/or administrative prerequisites prior to the commencement of this action.

## AS AND FOR THEIR EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs /Cross Claimants did not suffer any damages attributable to any actions of the individual Defendants.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer as during the course of this litigation.  Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiffs' allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorney's fees incurred in

the defense of this action, and such other and further relief as the Court deems just and proper.

## CROSS CLAIM ON BEHALF OF THE CARBEN DEFENDANTS AGAINST THE COUNTY-WIDE DEFENDANTS

The Carben Defendants ("Carben"), by way of cross claim against defendants, County-Wide Masonry Corp. and Anthony Derasmo ("County-Wide Defendants"), allege as follows:

### FACTUAL BACKGROUND

1. Carben repeats and realleges the above paragraphs as if set forth fully herein.

2. On or about January 15, 2019 Carben and County-Wide Masonry Corp. entered into a Sub-Subcontractor Agreement regarding construction work to be performed at 70 Schermerhorn St., Brooklyn, NY (the "Brooklyn Project").

3. On or about January 15, 2019 Carben and County-Wide Masonry Corp. a/k/a County-Wide Construction Corp. entered into a Sub-Subcontractor Agreement regarding construction work to be performed at 120 Water St., New York, NY. (the "Manhattan Project").

4. The Carben Defendants did not employ of the Plaintiffs in connection with either the Brooklyn or Manhattan Projects.

5.     Upon information and belief, each of the Plaintiffs were employees of Third-Party Defendant, Batrume Industries, Inc., and/or County-Wide Masonry/ County-Wide Construction Corp.

## FIRST CROSS CLAIM

### (Common Law Indemnification)

6.     Carben repeats and realleges each of the above paragraphs as if set forth full herein.

7.     Upon information and belief, each of the Plaintiffs were employees of Third-Party Defendant, Batrume Industries, Inc., and/or County-Wide Masonry/ County-Wide Construction Corp.   Such employment, upon information and belief, was related to the Brooklyn and Manhattan Projects.

8.     Carben was not the employer of the Plaintiffs at any time or for any construction project.

9.     Carben is not responsible for the alleged wrongful acts of County-Wide Masonry Corp./County-Wide Construction Corp.

10.    If Plaintiffs' claims are proven, Carben has or may sustain damages by reason of County Wide Masonry Corp.'s/County-Wide Construction Corp.'s alleged failure to pay Plaintiffs in accordance with applicable law.

11.    As such, the County-Wide Defendants are obligated to indemnify the Carben Defendants for any losses claimed or suffered as a result of the County-Wide Defendants' wrongful acts.

**WHEREFORE** the Carben Defendants demand judgment on its cross claim against the County-Wide Defendants for common law indemnification for all damages, losses, attorneys' fees, costs, and expenses of any kind which the Carben Defendants may sustain as a result of Plaintiffs' claims in this lawsuit, and for such other relief as the Court deems just and proper.

## THIRD PARTY COMPLAINT ON BEHALF OF CARBEN CONSTRUCTION, INC. AGAINST BATRUME INDUSTRIES, INC. AND COUNTY-WIDE CONSTRUCTION CORP.

Third Party Plaintiff, Carben Construction, Inc. ("Carben"), by way of Third-Party Complaint against Third Party Defendants, Batrume Industries, Inc. and County-Wide Construction Corp., alleges as follows:

### Factual Background

1.    On or about January 15, 2019 Carben and County-Wide Masonry Corp. a/k/a County-Wide Construction Corp. entered into a Sub-Subcontractor Agreement with regarding construction work to be performed at 120 Water St., New York, NY. (the "Manhattan Project").

2.    Carben did not employ of the Plaintiffs in connection with the Manhattan Projects.

3.    On or about February 28, 2019, Carben entered into a subcontract agreement with Batrume Industries, Inc. ("Batrume") for Batrume to complete a certain scope of work identified in that contract with its own labor forces

and employees.  This contract was with respect to a construction project located at 70 Schererhorn, Brooklyn, NY (the "Brooklyn Project").

4.   Carben did not employ any of the Plaintiffs with respect to the Brooklyn Project.

5.   On or about April 12, 2019, Carben entered into a subcontract agreement with Batrume Industries, Inc. ("Batrume") for Batrume to complete a certain scope of work identified in that contract with its own labor forces and employees.  This contract was with respect to the Manhattan Project.

24.   Each of the Plaintiffs were solely employees of Batrume for the respective projects.

25.   Upon information and belief, some or all of the Plaintiffs may have also been employed by County-Wide Construction Corp. with respect to the Manhattan Project.

26.   Carben denies in full any liability for the claims alleged by the various Plaintiffs in the Complaint.

27.   If and to the extent any or all of Plaintiffs' claims are proven in the course of this lawsuit, then Carben may incur damages as a direct result of the wrongful acts of County-Wide Construction Corp. and/or Batrume Industries, Inc.

28.   As such, Carben is entitled to common law and/or contractual indemnification from County-Wide Construction Corp. and/or Batrume Industries, Inc.

**PARTIES**

29.   Third Party Plaintiff, Carben Construction, Inc ("Carben") is a construction company with its principal place of business at 220 Madison Ave., Garden City Park, NY 11040.

30.   Third Party Defendant, Batrume Industries, Inc. ("Batrume") is a New York based company located at 1481 Montauk Hwy, Bellport, NY 11713.

31.   Third Party Defendant, County-Wide Construction Corp. is a New York Company with its principal place of business at 87 Wolfs Lane, Pellham, NY 10803.

**JURISDICTION AND VENUE**

32.   Carben repeats each of the above paragraphs as if set forth fully herein.

33.   While denying the allegations contained in Plaintiff's Complaint, if and to the extent Plaintiff proves jurisdiction in this matter, the Court has subject matter jurisdiction pursuant to 28 USC 1331 and 28 USC 1667(a).

34.   Venue is proper as the events, or a substantial portion thereof, giving rise to Plaintiffs' claims and Carben's Third Party Complaint occurred in this district.

**FIRST COUNT**

**(Common Law Indemnification as against all Third-Party Defendants)**

1.   Carben repeats and realleges each of the above paragraphs as if set forth full herein.

2.     Upon information and belief, each of the Plaintiffs were employees of Third-Party Defendant, Batrume Industries, Inc., and/or County- County-Wide Construction Corp.  Such employment, upon information and belief, was related to the Brooklyn and Manhattan Projects.

3.     Carben was not the employer of the Plaintiffs at any time or for any construction project.

4.     Carben is not responsible for the alleged wrongful acts of County-Wide Masonry Corp./County-Wide Construction Corp. OR Batrume.

5.     If Plaintiffs' claims are proven, Carben has or may sustain damages by reason of Batrume's and/or County Wide Masonry Corp.'s/County-Wide Construction Corp.'s alleged failure to pay Plaintiffs in accordance with applicable law.

6.     As such, the Batrume and County-Wide Construction, Inc. are obligated to indemnify Carben for any losses claimed or suffered as a result of Third-Party Defendants' wrongful acts.

**WHEREFORE** the Third Party Plaintiff demands judgment against Third Party Defendants for common law indemnification for all damages, losses, attorneys' fees, costs, and expenses of any kind which Carben may sustain as a result of Plaintiffs' claims in this lawsuit, and for such other relief as the Court deems just and proper.

## SECOND COUNT

### (Breach of Contract as against all Batrume)

35.    Carben repeats and realleges each of the above paragraphs as if set forth fully herein.

36.    The Subcontract Agreements between Carben and Batrume represents a binding and enforceable agreement between these two parties with respect to the Manhattan and Brooklyn Projects.

37.    Pursuant to those Subcontract Agreements, Batrume acted as an independent contractor and was solely responsible for the payment of wages and/or benefits, etc. to each of Batrume's employees.

38.    To the extent any or all of Plaintiffs' claims are proven, then Batrume breached its Subcontract Agreements with Carben and is liable for any and all damages that may be proven by Plaintiff.

39.    As a result of such breach, and to the extent any or all of Plaintiffs' claims are proven in this lawsuit, Carben will have been damaged as a direct result of Batrume's breach.

**WHEREFORE,** Third Party Plaintiff demands judgment against Third Party Defendant, Batrume Industries, Inc. for any and all damages resulting from Batrume's breach of contract, including but not limited to compensatory damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## THIRD COUNT

**(Contractual Indemnification as to Batrume Industries, Inc.)**

40.   Carben repeats and realleges each of the above paragraphs as if set forth fully herein.

41.   Pursuant to the Subcontract Agreements between Carben and Batrume on the Manhattan and Brooklyn Projects, Batrume agreed to indemnify and hold Carben harmless for various claims.

42.   In the within matter, Batrume is contractually obligated to indemnify and hold Carben harmless for any and all damages alleged by Plaintiff in the subject lawsuit, including attorneys' fees and costs.

43.   Batrume has failed to honor that contractual obligation, and as a result Carben has and will continue to suffer damages.

**WHEREFORE,** Third Party Plaintiff demands judgment against Third Party Defendant, Batrume Industries, Inc., for contractual indemnification for all damages, losses, attorneys' fees, costs, and expenses of any nature incurred by Carben or that may be incurred by Carben as a result of Plaintiffs' lawsuit and enforcement of Third Party Defendant's contractual obligations.

## **JURY DEMAND**

Third Party Plaintiff demands a jury of all triable issues.

TESSER & COHEN
*Counsel for the Carben Defendants*

By: _____

Matthew Lakind, Esq. (ML5296)
946 Main Street
Hackensack, New Jersey 07601
(201)-343-1100

Dated: November 11, 2020