**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ *individually and on behalf of others similarly situated*, | : : : : : : : : : : | INDEX NO.: 19-cv-08808 |

<table>
<tr><td></td><td>:</td><td></td></tr>
</table>

GERARDO MOTA BAUTISTA, HUGO
BAUTISTA, JUAN LUIS OVANDO
ZEPEDA, JUAN ZEPEDA, JULIO
RICARDO ALVAREZ MACATOMA,
LEONCIO TORRES ACUNA, MARIO
MORALES ROJAS, OMAR RODRIGUEZ,
and ANTONIO LIMON HERNANDEZ
*individually and on behalf of others similarly
situated*,

                    Plaintiffs,

    vs.

COUNTY-WIDE MASONRY CORP.,
CARBEN INDUSTRIES, INC., CARBEN
CONCRETE, INC., CARBEN
CONSTRUCTION, INC., ANTHONY
DERASMO, ANTHONY LOGIUDICE,
RONALD BROWNING, and MARTIN DOE
a/k/a PERU

                    Defendants.

    INDEX NO.: 19-cv-08808

    *Civil Action*

**DEFENDANT, CARBEN INDUSTRIES, INC., CARBEN CONCRETE, INC., CARBEN CONSTRUCTION, INC. (incorrectly pled as Carben Industries, Inc.) ANTHONY LOGIUDICE AND RONALD BROWNING'S <u>RULE 56.1 STATEMENT OF MATERIAL FACTS</u>**

**<u>AND THE RESPONSES OF PLAINTIFFS AND DEFENDANTS, COUNTY-WIDE MASONRY CORP., COUNTY-WIDE CONSTRUCTION CORP., AND ANTHONY DERASMO</u>**

CARBEN INDUSTRIES, INC.

                    Third Party Plaintiff,

    vs.

BATRUME INDUSTRIES, INC. and
COUNTY-WIDE CONSTRUCTION CORP.,

                    Third-Party Defendants.

      Defendants Carben Industries, Inc., Carben Concrete, Inc., Carben Construction, Inc.,

Anthony Logiudice and Ronald Browning (collectively, "Carben"), by their attorneys, Tesser &

Cohen, respectfully  submits this statement of undisputed material facts as to which it contends

there is no genuine issue to be tried pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 56.1 of the Local Rules of the Unites States District Courts for the Southern and Eastern Districts of New York, and Rule III(C) of Your Honor's Individual Practices in Civil Cases in support of their motion for summary judgment seeking to dismiss the claims of all Plaintiffs against these Defendants.

## STATEMENT OF MATERIAL FACTS

1. Plaintiffs' Complaint alleges several causes of action arising out of labor they allegedly provided to two construction projects located at 120 Water St., New York, NY (the "Water St." or "Manhattan" Project) and 70 Schermerhorn, Brooklyn, NY (the "Schermerhorn" or "Brooklyn" Project) (collectively, the "Projects") (**Exhibit A, Plaintiffs' Complaint)**

**Plaintiffs' Response: Undisputed.**

**County-Wide Defendants' Response**:  Undisputed.

2. The causes of action include: 1) Violation of the minimum wage provisions of the FLSA, 2) Violation of the overtime provisions of the FLSA, 3) Violation of the NY Minimum Wage Act, 4) Violation of the overtime provisions of the NY State Labor Law, 5) Violation of the notice and recordkeeping requirements of the NY Labor Law, 6) Violation of the wage statement provisions of the New York Labor Law, 7) Recovery of Equipment Costs, and 8) Violation of the timely payment provisions of the NY Labor Law. (**Exhibit A**)

**Plaintiffs' Response: Undisputed.**

**County-Wide Defendants' Response**:  Undisputed.

3.   Anthony Logiudice and Ronald Browning are principals with Carben and they are named as individual defendants.

**Plaintiffs' Response: Undisputed.**

<u>**County-Wide Defendants' Response:**</u>  Undisputed.


4.   Carben filed an Answer and Third Party Complaint against Batrume Industries, Inc., Carben's subcontractor on the Projects.  The Third Party Complaint against Batrume Industries, Inc. asserted counts for breach of contract and contractual indemnification to the extent any of Plaintiffs' claims were proven against Carben. (<u>**Exhibit B,**</u> **Carben Answer and Third Party Complaint**)

**Plaintiffs' Response: Undisputed.**

<u>**County-Wide Defendants' Response:**</u>  Undisputed.


5.   As will be discussed in more detail below, each of the Plaintiffs claim to have been employed by defendant County Wide Masonry Corp. ("County Wide").  None of them claimed to have been employed or have any sort of relationship or dealings with Carben.

**Plaintiffs' Response: Undisputed.**

<u>**County-Wide Defendants' Response:**</u>  Disputed.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  In fact, County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  To the contrary, Carben entered into a subcontract with Batrume to provide labor on

the Projects and paid Batrume on a weekly basis for its labor costs.  (Browning Dep. 31:16-32:6; Maguire Decl., Ex. K).

6. No evidence has been produced that would establish an employer-employee relationship between Carben and the Plaintiffs.  There are no issues of material fact.

**Plaintiffs' Response: Disputed. (Ex. O, Ex. P).**

**<u>County-Wide Defendants' Response:</u>**  Disputed.  County-Wide and Carben entered into agreements whereby Carben agreed to "perform and…furnish all work, ***labor***, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of…work" at the Projects.  (Maguire Decl., Ex I at p. 1 (emphasis added), Ex. L at p. 1 (emphasis added); Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶¶ 17, 19).


**<u>The Plaintiffs Do Not Claim they Were Employed by Carben</u>**

7. Plaintiff *Gerardo Mota Bautista* testified that for the Water St. (Manhattan) and Schermerhorn (Brooklyn) Projects he was **only** employed by County Wide.  He testified that he was not employed by Carben Industries, Carben Concrete, or Carben Construction at any time. (**<u>Exhibit  C</u>, Gerardo Bautista Dep., T21:23-22:12, T22:20-23:9)**

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>**  Undisputed as to the fact that Plaintiff Gerardo Mota Bautista ("Mota Bautista") testified as stated above, but disputed as to the contents, substances and/or veracity of Plaintiff Mota Bautista's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).

a. Mr. G. Bautista testified that he does not recall the name of the individual that hired him for the Manhattan Project but he knows that individual worked for "Country-Wide" (sic). (**Id., T25:17-26:2**)

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>** Undisputed as to the fact that Plaintiff Mota Bautista testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Mota Bautista's testimony. County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7). County-Wide did not employ anyone on the Projects. (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

b. Mr. G. Bautista testified that his supervisor at the Manhattan job was an individual named "Peru". (**Id., T28:6-8**)

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>** Undisputed.

c. Mr. G. Bautista testified that Peru was employed by "Country-Wide" (sic) and that he wore a hard-hat or shirt with the name "Country-Wide" on it. (**Id., T29:15-23**)

**Plaintiffs' Response: Undisputed.**

**County-Wide Defendants' Response:**    Undisputed as to the fact that Plaintiff Mota Bautista testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Mota Bautista's testimony.  Peru was not employed by County-Wide.  (Derasmo Decl., ¶ 28).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.

 

       d.   Mr. G. Bautista testified that Peru would assign him tasks at the Manhattan Project and direct what hours he worked.  Mr. G. Bautista testified that another individual whose name he could not remember assigned him his tasks and hours at the Brooklyn Project.  Mr. G. Bautista testified that Peru was the person who sent him to the Brooklyn Project. (**Id., T29:10-30:4**)

**Plaintiffs' Response: Undisputed.**

**County-Wide Defendants' Response:**   Undisputed.

 

       e.   Mr. G. Bautista testified that to his knowledge, all of the Plaintiffs' listed in the caption of the Complaint were employed by "Country-Wide". (**Id., T35:11-36:13**)

**Plaintiffs' Response: Undisputed.**

**County-Wide Defendants' Response:**    Undisputed as to the fact that Plaintiff Mota Bautista testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Mota Bautista's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide also did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.

f.  Mr. G. Bautista testified that the Plaintiffs' Complaint, indicating that he worked for any Carben defendant, is "false". **(Id., T36:18-22)**

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>**     Undisputed as to the fact that Plaintiff Mota Bautista testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Mota Bautista's testimony.   Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

g.  Mr. G. Bautista testified that prior to his deposition, he had never heard of Anthony Logiudice, Ronald Browning, or Batrume Industries. **(Id., T38:2-9)**

**Plaintiffs' Response: Undisputed**

**<u>County-Wide Defendants' Response:</u>**     Undisputed as to the fact that Plaintiff Mota Bautista testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Mota Bautista's testimony.   While Plaintiff may not have heard of the individuals or Batrume, Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

8. Plaintiff *Hugo Bautista* stated in his answers to interrogatories that he was employed by "Countywide" for the Water St. and Schermerhorn Projects. (**Exhibit D, Hugo Bautista Supp. Interrogatory Answers**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Hugo Bautista testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Bautista's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

9. Plaintiff *Juan Luis Ovando Zepeda* testified that he was employed **only** by "Country-Wide" (sic) from February through August of 2019. (**Exhibit E, Ovando Zepeda Dep., T9:19-10:4**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Juan Luis Ovando Zepeda ("Ovando Zepeda") testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Ovando Zepeda's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.

(Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    a.   Referencing the Water St. (Manhattan) and Schermerhorn (Brooklyn) Projects, Mr. Ovando Zepeda testified that he was employed by "Country-Wide" for his work on each Project. (**Id., T10:5-10**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Ovando Zepeda testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Ovando Zepeda's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    b.   Mr. Ovando Zepeda testified that he was never employed by Carben Industries Incorporated, Carben Concrete Incorporated, or Carben Construction Incorporated for either of the Projects. He testified that he had never heard of these companies before his deposition, nor had he ever heard of a company called Batrume Industries. (**Id., T10:25-11:15; T20:8-10**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Ovando Zepeda testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Ovando Zepeda's testimony.  While Plaintiff may not have heard of the individuals, Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

 

       c.   Mr. Ovando Zepeda had never heard the names of Anthony Logiudice or Ronald Browning prior to his deposition. (**Id., T20:18-23**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Ovando  Zepeda testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Ovando Zepeda's testimony.  While Plaintiff may not have heard of the individuals, Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

 

       d.   Mr. Ovando Zepeda testified that Mr. Peru paid him weekly on both Projects.

     (**Id., T21:7-9**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed

e.  Mr. Ovando Zepeda testified that his day-to-day work involved putting iron down on top of cement, and that another company (not Country-Wide) would put the cement down. (**Id., T14:7-25**)

**Plaintiffs' Response: Undisputed**

<u>**County-Wide Defendants' Response:**</u>  Undisputed.

f.  Mr. Ovando Zepeda testified that the claim in the complaint that he worked for all "defendants" (including Carben) is incorrect because he was only employed by County Wide. (**Id., T22:17-24:10**)

**Plaintiffs' Response: Undisputed**

<u>**County-Wide Defendants' Response:**</u>  Undisputed as to the fact that Plaintiff Ovando Zepeda testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Ovando Zepeda's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

10. Plaintiff *Juan Zepeda* stated in his answers to interrogatories that he was employed by "Countywide" for the Water St. and Schermerhorn Projects. (<u>**Exhibit F,**</u> **Juan Zepeda Supp. Interrogatory Answers**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Juan Zepeda testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Juan Zepeda's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

11. Plaintiff *Julio Ricardo Alvarez Macatoma* stated in his answers to interrogatories that he was employed by "Countywide" for the Water St. and Schermerhorn Projects. (**Exhibit G,** **Macatoma Supp. Interrogatory Answers**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Julio Ricardo Alvarez Macatoma ("Macatoma") testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Macatoma's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

12. Plaintiff *Leoncio Torres Acuna* testified that his claim relates **solely** to his employment with County Wide, for whom he worked from March of 2019 until August of 2019 on the Brooklyn and Manhattan Projects (Water St. and Schermerhorn). (**Exhibit H, Acuna Dep. Transcript, T9:25-11:10**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Leoncio Torres Acuna ("Acuna") testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Acuna's testimony.   County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).   County-Wide did not employ anyone on the Projects.   (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

      a.   Mr. Acuna testified that Juan Zepeda, a foreman for County Wide, helped get him hired by County Wide. (**Id., T11:14-18**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Leoncio Torres Acuna ("Acuna") testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Acuna's testimony.   County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).   County-Wide did not employ anyone on the Projects.   (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.

Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

      b.  He testified that a person named "Perucho" formally hired him for the Brooklyn Project, and he believed this person worked for County Wide. (**Id., T12:17-12:24**)

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>**  Undisputed as to the fact that Plaintiff Acuna testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Acuna's testimony.  Peru was not employed by County-Wide.  (Derasmo Decl., ¶ 28).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.

      c.  Mr. Acuna testified that "Perucho" was present at both jobsites daily and was his supervisor at those Projects. (**Id., T14:7-14**)

**Plaintiffs' Response: Undisputed**

**<u>County-Wide Defendants' Response:</u>**  Undisputed.

      d.  Prior to his deposition, Mr. Acuna had never heard the names of Carben Industries, Inc., Carben Concrete, Inc., Carben Construction, Inc., Anthony Logiudice, Ronald Browning, or Batrume Industries. (**Id., T14:15-15:13**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Acuna testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Acuna's testimony.   While Plaintiff Acuna may not have heard of the individual, Carben and/or Batrume, Carben and/or Batrume were responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15;  Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

> e.  Mr. Acuna testified that "Perucho" would issue him payments for work on the Projects. (**Id., T17:4-5**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed.

13. Plaintiff *Mario Morales Rojas* testified that he was employed by County Wide for about 6-7 months beginning in March of 2019. (**Exhibit I, Rojas Dep. T9:16-10:5**)  Mr. Rojas testified that he performed carpentry work for County Wide during this time. (**Id.**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Mario Morales Rojas ("Rojas") testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rojas' testimony.   County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).   County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.   Carben and/or Batrume

was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

  a.  During his time employed by County Wide, Mr. Rojas testified that he worked on the two Projects located in Brooklyn and Manhattan. (**Id., T10:18-11:8**)

**Plaintiffs' Response: Undisputed**

**<u>County-Wide Defendants' Response:</u>**  Undisputed as to the fact that Plaintiff Rojas testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rojas' testimony with respect to his alleged employment with County-Wide.   County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

  b.  Mr. Rojas testified that he believed two people were involved in hiring him for County Wide, one by the name of Martin Peru. (**Id., T11:23-12:12**)

**Plaintiffs' Response: Undisputed**

**<u>County-Wide Defendants' Response:</u>**  Undisputed as to the fact that Plaintiff Rojas testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rojas' testimony with respect to his alleged employment with County-Wide.   County-Wide never

employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  Peru was not employed by County-Wide.  (Derasmo Decl., ¶ 28).  County-Wide did not employ anyone on the Projects.   (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

 

c.   Mr. Rojas described Mr. Peru as a foreman who worked for County Wide. (**Id., T12:23-13:9**)  Mr. Rojas testified that he believed Mr. Peru worked for County Wide because he was the one who would pay him and the other workers, and because Mr. Peru told Mr. Rojas that he worked for County Wide. (**Id.; Id. at T22:3-5**)

**Plaintiffs' Response: Undisputed**

**<u>County-Wide Defendants' Response:</u>**  Undisputed as to the fact that Plaintiff Rojas testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rojas' testimony with respect to his alleged employment with County-Wide.   County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  Peru was not employed by County-Wide.  (Derasmo Decl., ¶ 28).  County-Wide did not employ anyone on the Projects.   (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice

Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    d.  Mr. Rojas testified that while he worked for County Wide on the Manhattan Project, he and the other employees were given tee shirts that said "County-Wide" on them. (**Id., T13:13-17**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Rojas testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rojas' testimony with respect to his alleged employment with County-Wide.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    e.  Mr. Rojas testified that he was supervised by Martin Peru. (**Id., T15:13-14**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.

    f.  Mr. Rojas testified that he has never heard of a company called Carben Concrete Incorporated, Carben Industries Incorporated, Carben Construction Incorporated,

or Ronald Browning. (**Id., T19:13-24**)  Mr. Rojas testified that he has never heard of a company called Batrume Industries. (**Id., T26:7-8**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Rojas testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rojas' testimony.  While Plaintiff may not have heard of the individuals, Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

      g.   Mr. Rojas testified that he recalled hearing the name of Anthony Logiudice at a project meeting but he has never met Mr. Logiudice and does not know who he is or who he worked for. (**Id., T16:15-17:12**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed.

      h.   Mr. Rojas testified that he wore an I.D. badge during his time on the Brooklyn Project and his counsel stated during his deposition that the badge said "Noble Construction and "County-Wide" on it. (**Id., T18:24-19:12**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Rojas testified as stated above, but disputed as to the proposition it stands for.  The I.D. badges issued to Plaintiffs stated "County Wide Construction" because CW Construction held the contract with Noble

Construction.  (Derasmo Dep. 56:6-15).  However, Plaintiffs did not work for CW Construction. (Derasmo Dep. 56:11-14).

14. Plaintiff *Omar Rodriguez* testified that he constructed ladders that would go up the buildings at the Brooklyn and Manhattan Projects. (**Exhibit J, Rodriguez Dep., T9:11-25**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed.

a.  Mr. Rodriguez testified that he worked for County Wide from March until April of 2019 on the Brooklyn Project, and from April until August of 2019 on the Manhattan Project. (**Id., T11:19-23**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**   Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

      b.  Mr. Rodriguez testified that during this time he did not work for any other

          company aside from County Wide. (**Id., T12:8-15**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

      c.  Mr. Rodriguez later testified that he did not know how to respond to a question

          about whether County Wide was his only employer at the Brooklyn and

          Manhattan Projects.  He testified that he was only given information on what his

          job would be and what his salary would be, but he did not obtain any information

          about "the names of the companies that are there." (**Id., T15:4-20**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony with respect to his alleged employment with County-Wide.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23;

Derasmo Decl., ¶ 21.  Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    d.   Mr. Rodriguez testified that the name of the Project Manager for the Projects, and the man who hired him, was a man called "Martin" or "Peru." Mr. Rodriguez testified that Martin Peru worked for County Wide. (**Id., T15:21-16:17**)

**Plaintiffs' Response: Undisputed**

**<u>County-Wide Defendants' Response:</u>**  Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony with respect to his alleged employment with County-Wide.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  Peru was not employed by County-Wide.  (Derasmo Decl., ¶ 28).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    e.   Mr. Rodriguez testified that at the Brooklyn job-site, he, Mr. Peru, and all the workers at the job site "would use clothing that would identify us as workers from Country-Wide. (sic)" (**Id., T17:12-17**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony with respect to his alleged employment with County-Wide. County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7). Peru was not employed by County-Wide. (Derasmo Decl., ¶ 28). County-Wide did not employ anyone on the Projects. (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

      f.   Mr. Rodriguez testified that Mr. Peru was his "superior" for both Projects. (**Id., T18:11-13**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.

      g.   Mr. Rodriguez testified that the name of the worker who was in charge of constructing the stairs at each Project was named "Edgar" and he worked for County Wide. (**Id., T18:21-19:8**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony with respect to Edgar's alleged employment with County-Wide.

     h.   Mr. Rodriguez testified that Mr. Peru would pay him on both Projects. **(Id., T21:11-12)**

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.

     i.   Mr. Rodriguez testified that at the Manhattan Project, he would sign a sign-in sheet to "go in and come out."  Mr. Rodriguez testified that the person who would give him that sign-in sheet was named Gregorio or El Flaco and he worked for County Wide. **(Id., T23:19-24:12)**

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's testimony with respect to Gregorio or El Flaco's alleged employment with County-Wide.

     j.   Mr. Rodriguez testified that he did not recall hearing the names of Anthony Logiudice or Ronald Browning before his deposition. **(Id., T36:8-13)**

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Rodriguez testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Rodriguez's

testimony.  While Plaintiff may not have heard of the individuals, Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

15. Plaintiff *Antonio Limon Hernandez* stated in his answers to interrogatories that he was employed by "Countywide" for the Water St. and Schermerhorn Projects. (**Exhibit K, Hernandez Supp. Interrogatory Answers**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiff Antonio Limon Hernandez ("Hernandez") testified as stated above, but disputed as to the contents, substance and/or veracity of Plaintiff Hernandez's testimony.  County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did not employ anyone on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. Carben and/or Batrume was responsible for providing the labor on the Projects – not County-Wide. (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

**The Relevant Carben-County Wide Contracts for the Projects**

16. On or about January 15, 2019, Carben Construction Inc. executed a sub-subcontractor agreement with County-Wide Construction Corp. ("County Wide" or "CW") to act as

County Wide's sub-subcontractor for a construction project located at 120 Water Street, New York, NY (the "Water St. Project"). (**Exhibit L, 120 Water St. CW Contract**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.


17. For the 120 Water St. Project, County Wide had been retained to act as a subcontractor on behalf of the General Contractor for that Project, The Rinaldi Group. (**Exhibit L, par. 1.1**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.


18. On or about January 15, 2019, Carben Industries, Inc. (also referred to as "Carben") entered into a Sub-Subcontract agreement with Defendant, County-Wide Masonry Corp. (also referred to as "County Wide" or "CW") to act as County Wide's sub-subcontractor for a construction project located at 70 Schermerhorn, Brooklyn, New York (the "Schermerhorn Project"). (**Exhibit M, 70 Schermerhorn CW Contract**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.


19. For the Schermerhorn Project, County Wide had been retained to act as a subcontractor on behalf of the General Contractor/Construction Manager for that Project, Noble Construction Group, LLC. (**Exhibit M, par. 1.1**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.

20. At no time did Anthony Logiudice or Ronald Browning execute any contract documents related to either of the Projects that would have bound them personally.

**Plaintiffs' Response: There is no evidence of this in the record.**

**County-Wide Defendants' Response:** Disputed on the grounds that it states a legal conclusion.

21. Anthony Logiudice testified that the scope of work for both the Water St. Project and the Schermerhorn Project called for Carben to provide materials and labor necessary to complete certain "concrete superstructure" work identified within the respective contracts for each Project. (**Exhibit N, Logiudice Deposition, T25:10-12, T T34:22-35:23**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.

**The Carben-Batrume Subcontract Agreements for the Projects**

22. As noted above, none of the Plaintiffs claimed they were employed by Carben, nor did any Plaintiffs claim that they were employed by Third Party Defendant, Batrume Industries, Inc.

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Disputed. Carben and/or Batrume was responsible for providing the labor on the Projects. (Maguire Decl., Ex. I at p. 1, Ex. J, Ex. L at p. 1; Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

23. Anthony Logiudice testified that for each Project, Carben supplied the materials and hired a subcontractor, Batrume Industries, Inc. ("Batrume") to perform all labor for the Projects. (**Exhibit N, Logiudice Deposition, T26:8-10; T34:22-35:23**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.


24. Anthony Logiudice testified that it is Carben's general practice, that when it contracts for a construction Project such as the Water St. and Schermerhorn Projects, Carben will supply the materials and it will hire a subcontractor to perform the labor for that job, including those at issue herein. (**Exhibit N, Logiudice Deposition, T22:2-23:2**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed as to the fact that Defendant Logiudice testified as stated above, but disputed as to the contents, substance and/or veracity of Defendant Logiudice's testimony.  County-Wide and Carben entered into agreements whereby Carben agreed to "perform and…furnish all work, *labor*, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of…work" at the Projects.  (Maguire Decl., Ex Iat p. 1 (emphasis added), Ex. L at p. 1 (emphasis added); Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶¶ 17, 19).


25. Michael Garrido, an owner/principal with Batrume, signed the subcontracts between Carben and Batrume for each Project. (**Exhibit O, Carben-Batrume Schermerhorn Subcontract; Exhibit P, Carben-Batrume Water St. Subcontract**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.


26. Batrume and Carben executed their Subcontract Agreement for the Schermerhorn Project

   on or about March 8, 2019. (**Exhibit O**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.


27. Batrume and Carben executed their Subcontract Agreement for the Water St. Project on

   or about April 15, 2019. (**Exhibit P**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.


28. Both contracts between Batrume and Carben state that Batrume is acting as an

   independent contractor and any personnel supplied by either party shall be deemed

   employees of that party.  Batrume and Carben agreed that they were not entering into any

   joint-venture, partnership, or principal-agent relationship. (**Exhibits O and P, Art. 11**)

**Plaintiffs' Response: Undisputed.**

**County-Wide Defendants' Response:**  Undisputed.


29. Anthony Logiudice testified that Batrume was hired as a subcontractor by Carben to

   essentially run both Projects as it related to their scope of work.  Batrume was responsible

   for providing labor, a foreman/supervisor for each jobsite, responsible to determine

which workers Batrume would use for each Project, and responsible for paying their own

workers. (**Exhibit N, Logiudice Deposition, T31:4-24**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.


30. Batrume is not a staffing agency company.  It is a concrete contractor. (**Exhibit Q, Browning Deposition, T26:10-13; Exhibit N, Logiudice Deposition, T28:12-14)(See Also, Exhibit R, Garrido Linkdin page describing himself as the Managing Partner for Batrume, a concrete contractor)**

**Plaintiffs' Response: Undisputed that this was the testimony of Messrs. LoGiudice and Browning, and what is written on Mr. Garrido's social media page.**

**County-Wide Defendants' Response:** Undisputed.


31. Ronald Browning testified that for each Project, Carben paid Batrume on a weekly basis equal to the cost of Batrume's labor plus an additional 10% for profit and overhead. Carben had no knowledge or control over how Batrume used those payments. (**Exhibit Q, Browning Deposition, T31:16-32:21; Exhibit S, Carben Payment Ledger to Batrume)**

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.

**Facts Relevant to the Employees of Carben**

32. The only Carben company that had any employees during the course of the Water St. or

    Schermerhorn Projects was Carben Construction, Inc. (**See Declaration of Anthony**

    **Logiudice**)

**Plaintiffs' Response: Undisputed that this is Mr. LoGiudice's testimony.**

**County-Wide Defendants' Response:** Undisputed.


33. Ronald Browning testified that, on advice of their accountant, Carben Industries

    effectively ceased operations  and all business was conducted by Carben Construction,

    Inc. by early 2019. (**Exhibit Q, Browning Deposition, T13:24-15:8**)

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:** Undisputed.


34. Aside from Anthony Logiudice and Ronald Browning, the principals, Carben

    Construction, Inc. had no employees from its inception in March of 2019until April of

    2019. (**Declaration of Anthony Logiudice; Exhibit T, Carben Construction, Inc.**

    **Payroll Report for April of 2019-January of 2020**)

**Plaintiffs' Response: Undisputed that this is the testimony of Messrs. LoGiuidice and**

**Browning**

**County-Wide Defendants' Response:** Undisputed as to the fact that Logiudice testified as

stated above.

35. The payroll report shows that none of the Plaintiffs were ever employed by Carben Construction, Inc., nor were any other individuals identified by Plaintiffs as having a role in hiring, supervising, or paying them. (**Exhibit T, Carben Construction, Inc. Payroll Report for April of 2019-January of 2020)**

**Plaintiffs' Response: Undisputed that the payroll report does not show the names of the Plaintiffs.**

**County-Wide Defendants' Response:**   Undisputed that the payroll report does not show the names of Plaintiffs but disputed that it does not show "any other individuals identified by Plaintiffs as having a roll in hiring, supervising or paying them" on the grounds that the referenced individuals are not specifically identified and the County-Wide Defendants are thus unable to confirm or deny the foregoing.


**Facts Relevant to Plaintiffs' Joint Employer Claim**

36. In the Factual Background section of Plaintiffs' Complaint, Plaintiff alleges that Carben and County Wide were Joint Employers. Anthony Derasmo, County Wide's representative, testified that he had not heard of any of the Plaintiffs previously and had no idea whether any of them worked at the Water St. or Schermerhorn Projects. (**Exhibit U, Derasmo Dep. T66:4-24)**

**Plaintiffs' Response: Undisputed**

**County-Wide Defendants' Response:**  Undisputed.

37. No evidence was elicited in Mr. Derasmo's deposition that County Wide and Carben had any joint responsibility for hiring, firing, supervising, paying, or otherwise controlling each other's employees, or the Plaintiffs themselves.

**Plaintiffs' Response: Disputed. (Derasmo Dep. 27:18-21)**

**<u>County-Wide Defendants' Response:</u>** Undisputed.

38. Mr. Browning offered no testimony at his deposition, and no evidence was offered to suggest that County Wide and Carben had any joint responsibility for hiring, firing, supervising, paying, or otherwise controlling each other's employees, or the Plaintiffs themselves. (**<u>Exhibit Q,</u> Browning Dep.**)

**Plaintiffs' Response: Disputed.**

**<u>County-Wide Defendants' Response:</u>** Undisputed.

39. Mr. Browning testified unequivocally that no Carben entity has ever employed any of the Plaintiffs. (**<u>Exhibit Q,</u> Browning Dep. T49:12-50:7**)

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>** Undisputed.

40. No evidence was elicited in the deposition of Anthony Logiudice that County Wide and Carben had any joint responsibility for hiring, firing, supervising, paying, or otherwise controlling each other's employees, or the Plaintiffs' themselves. (**<u>Exhibit N</u>, Logiudice Dep.**)

**Plaintiffs' Response: Disputed.**

**<u>County-Wide Defendants' Response:</u>** Undisputed.

41. No evidence was elicited in the deposition of any of the Plaintiffs' or their answers to interrogatories that County Wide and Carben had any joint responsibility for hiring, firing, supervising, paying, or otherwise controlling each other's employees, or the Plaintiffs' themselves. (**See Generally Exhibits for Plaintiffs' Depositions and Interrogatory Answers Cited Above**)

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>**  Undisputed.


42. County Wide and Carben are distinct companies with no overlapping personnel.  They keep separate business records, insurance and payroll.  They do not share in the responsibility to hire, fire, pay, or supervise either of their respective employees.  This was true during the Water St. and Schermerhorn Projects and it remains true today.  (**<u>Declaration</u> Of Anthony Logiudice**)

**Plaintiffs' Response: Undisputed.**

**<u>County-Wide Defendants' Response:</u>**  Undisputed.


**<u>Facts Specifically Germane to County Wide's Cross Claim against Carben</u>**

43. The Indemnity Clause for the 120 Water St. and 70 Schermerhorn Projects between Carben and County Wide states in relevant part that Carben, to the fullest extent permitted by law, agrees to indemnify, defend and hold harmless County Wide for any "losses, claims, suits, damages", etc. "*directly or indirectly arising out of the negligent acts or omissions of the Sub-subcontractor [Carben], its sub-subcontractors at any tier*

*and any persons for whose acts they may be responsible or alleged to arise out of or in connection with or as a consequence of the performance or non-performance of the Work of the Sub-Subcontractor or such Sub-Subcontractor's respective agents, subcontractors or employees pursuant to this Agreement [...].  Notwithstanding anything to the contrary contained herein, the obligations of Sub-Subcontractor pursuant to this Article shall not extend to liability of an Indemnified Party for bodily injury or wrongful death to persons or damage to property attributable to an Indemnified Party's negligence or willful misconduct."* (**Exhibits L and M, Article 21.1**)

**County-Wide Defendants' Response:**  Disputed on the grounds that the contracts speak for itself.

44. The Indemnity Clause in each contract only requires indemnification for **negligent** acts or omissions for those Carben is responsible or for **negligent** acts or omissions alleged to arise out of the performance or non-performance of the Work of the Sub-subcontract agreements between the parties. (**Id.**)

**County-Wide Defendants' Response:**  Disputed on the grounds that it states a legal conclusion.

45. The Plaintiffs' complaint does not include any allegations of negligence and in fact, the words "negligent" or "negligence" do not even appear in Plaintiffs' complaint. (**Exhibit A, Plaintiff's Complaint**)

**County-Wide Defendants' Response:**  Undisputed that Plaintiffs' complaint does not contain the words "negligent" or "negligence" but dispute the proposition the statement stands for.  Carben

has acknowledged its obligation to indemnify County-Wide in connection with this action. (Maguire Decl., Ex. O).

46. The Agreements between County Wide and Carben for the respective Projects do not require Carben to indemnify, defend or hold harmless County Wide for the types of claims and allegations contained in Plaintiffs' Complaint. (**Exhibits L and M, Article 21.1)**

**County-Wide Defendants' Response:**  Disputed on the grounds that it states a legal conclusion. Moreover, Carben has acknowledged its obligation to indemnify County-Wide in connection with this action.  (Maguire Decl., Ex. O).

47. The respective Contracts do not require Carben to indemnify County Wide for County Wide's own negligence, nor do the Contracts require Carben to indemnify County Wide for any of the types of claims raised in Plaintiffs' complaint. (**Id.**)

**County-Wide Defendants' Response:**  Disputed on the grounds that it states a legal conclusion. Moreover, Carben has acknowledged its obligation to indemnify County-Wide in connection with this action.  (Maguire Decl., Ex. O).

48. The "Work Force" clauses of the contracts, at Article 14, required Carben to assume sole liability for payment of any union benefits payable to employees of Carben or its subcontractors, and to indemnify County Wide from all claim and liability for payment of said union benefits. (**Exhibits L and M, Article 14.2**)

**<u>County-Wide Defendants' Response:</u>** Disputed on the grounds that it states a legal conclusion and the contract speaks for itself.


49. Plaintiffs have not alleged that they are a part of any union and there is no allegation of any failure to pay union benefits in this lawsuit. (**Exhibit A, Plaintiffs' Complaint**)

**<u>County-Wide Defendants' Response:</u>** Undisputed.