# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165
————
clela@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

August 3, 2022

**Via ECF**
Hon. Analisa Torres
United States District Court
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    Mota Bautista et al. v. County-Wide Masonry Corp. et al, 19-cv-8808

Your Honor:

    This Office represent the Plaintiffs in this action. We write in response to the letter submitted by County-Wide Masonry Corp. and Anthony Derasmo's (the "CW Defendants") letter requesting permission to move for summary judgment for the dismissal of Plaintiffs' claims as against the CW Defendants. The CW Defendants also wish to file a motion for summary judgment on the issue of the claims brought by Carben Industries Inc,,Carben Concrete Inc., Carben Construction Inc., Ronald Browning, and Anthony LoGiudice (the "Carben Defendants") against them, but as the Plaintiffs are not involved in the claims between the defendants, we will not be addressing them herein. The CW Defendants plan to argue that the record in this case is sufficient to show that these two entities did not employ the Plaintiffs. Plaintiffs contend that the there are numerous disputed facts on the record such that this issue cannot be decided on summary judgment.

## Summary of Relevant Facts

    This is a case under the Fair Labor Standards Act and the New York Labor law alleging violations of state and federal wage and hour law stemming from the Plaintiffs' work at two construction sites.

    The Plaintiffs, construction workers by trade, worked on two construction sites pertinent to this action, one located at 120 Water St. in Manhattan, controlled by non-party Rinaldi Group, and one located at 70 Schermerhorn in Brooklyn, controlled by former defendant Noble Construction.[1] The CW Defendants contracted with the project managers of each respective project in order to provide, inter alia, supplies and labor.[2] The CW Defendants then subcontracted out the entirety of their obligations these projects to the Carben Defendants.[3] The Carben Defendants then allege that they subcontracted out the labor portion of their obligations to third-party defendant Batrume

---

[1] CW 56.1 Statement, ¶¶ 21, 33, 64, 77,
[2] CW 56.1 Statement, ¶¶ 21, 33
[3] CW 56.1 Statement, ¶¶ 22, 34

1

Industries.[4] However, it is Plaintiffs' position that each of these companies acted as an employer within the definition of FLSA and NYLL, and that a reasonable jury could conclude such given the opportunity to hear and assess the credibility of the evidence on the record.

### Summary Judgment Standard

Summary judgment is appropriate only when, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Gil v Pizzarotti, LLC*, 2021 US Dist LEXIS 59668, at *8 (SDNY, 2021). A material factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[I]f there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party that supports a finding that a material factual dispute exists, summary judgment is improper." *United Rentals (N. America), Inc. v. Conti Enters., Inc.,* 293 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (citing *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996).

### Employer Status under FLSA is Rarely Suitable for Summary Judgment

Summary judgment is appropriate only when, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Gil v Pizzarotti, LLC*, 2021 US Dist LEXIS 59668, at *8 (SDNY, 2021). A material factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[I]f there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party that supports a finding that a material factual dispute exists, summary judgment is improper." *United Rentals (N. America), Inc. v. Conti Enters., Inc.,* 293 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (citing *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996).

The decision which Defendants are requesting the Court make here – whether and how the CW Defendants were the employers of the Plaintiffs, whom they claim to have been employed only by either the Carben Defendants or Batrume Industries - is necessarily a fact-intensive one. "The Second Circuit has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances; we have identified different sets of relevant factors based on the factual challenges posed by particular cases. *Irizarry v Catsimatidis*, 722 F3d 99, 104 (2d Cir. 2013). It is also well settled that an employee can have more than one employer with responsibilities under the FLSA. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). As such, the Plaintiffs are proceeding under a theory of joint employership.

The Second Circuit has developed two relevant and non-overlapping tests for determining whether a company is an employer within the meaning of the FLSA. The first, from *Carter, supra,* queries whether an employer exercised "formal control" over a worker. The relevant factors are: "[whether a defendant] (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter,* 735 F. 2d at 12.

---

[4] CW 56.1 Statement, ¶¶ 24, 36

The second test, set forth in *Zheng v. Liberty Apparel Co.,* 355 F3d 61 (2d Cir 2003 sets forth six factors: " (1) whether [the manufacturer]'s premises and equipment were used for the plaintiffs' work; (2) whether the Contractor Corporations had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the manufacturer]'s process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [the manufacturer] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [the manufacturer]." *Zheng* at 72.

The inquiry into whether the CW Defendants employed the Plaintiffs requires an examination of the facts of the case through the lens of each of these factors. Courts in this Circuit have consistently held that an issue of this nature is not generally resolvable on summary judgment. *See Wang v. LW Rest. Inc,* 81 F.Supp 3d 241, 254 (EDNY 2015) ("…the existence and degree of each relevant factor lend[s] itself to factual determinations. Therefore, individual employer liability is rarely suitable for summary judgment." (internal citations omitted); *see also Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 393 (E.D.N.Y. 2012)*: Franco v. Ideal Mortg. Bankers, Ltd., No.* 2011 U.S. Dist. LEXIS 8591, 2011 WL 317971*,* at *6 (E.D.N.Y. Jan. 28, 2011).

### Courts in this Circuit Have Denied Motions for Summary Judgment in Similar Cases

As set forth above, Courts have generally found the issue of employership is rarely suited to summary judgment. The instant case is far more similar to those cases in which similar motions were denied than the rare ones in which they were granted.

In *Ford v. WSP USA Inc.,* 2021 US Dist. LEXIS 198549 (SDNY 2021), this Court denied a general contractor's motion for summary judgment on the issue of joint employment where facts were subject to dispute. *Ford* at *8. Similarly, in *Gil v Pizzarotti*, LLC, 2021 US Dist LEXIS 59668, (SDNY 2021) this Court denied the defendant construction firm's motion for summary judgment where the record reflected factual disputes. *Gil* at *22-23. The Eastern District similarly denied a defendant sportswear brand's motion for summary judgment as to the issue of joint employership where "Based on the analysis of the six factors set forth in *Liberty* the Court concludes that there are genuine issues of material fact precluding summary judgment as to whether defendants were joint employers of plaintiffs for purposes of plaintiffs' FLSA and New York Labor Law claims." *Chen v St. Beat Sportswear, Inc.,* 364 F Supp 2d 269, 289 (EDNY 2005.)

By contrast, Courts in this Circuit have only granted similar motions under circumstances where there is no possible set of facts as apparent from the record that the entities in question could satisfy either of the relevant tests. For example, this Court granted such a motion in *Michalow v. E. Coast Restoration & Consulting Corp.*, 2017 U.S. Dist. LEXIS 108124, where the entity in question had not been established during the period of the plaintiffs' alleged employment. *Michalow* at *38. In *Hong v Quest Intl. Limousine, Inc.*, this Court granted a similar motion where the Plaintiffs' testimony was, "…bare conclusions of law, or are too general, unspecific, inconsistent, or unclear to create a disputed fact. *Hong v Quest Intl. Limousine, Inc.,* 2021 US Dist LEXIS 101758, at *9

3

(SDNY 2021). Such is not the case in the instant action, where the Plaintiffs have testified, without exception, that they were employed by Countywide.[5]

### The Record in the Case is Rife with Disputes as to Material Facts

Both the CW and Carben Defendants have filed Rule 56.1 Statements, including responses from both Plaintiffs and the respect non-moving defendants as well as facts set forth by the Plaintiffs in response. (Docket Nos. 142, 144-147). It is clear from the face of these documents that this case is subject to numerous disputed facts, including conflicting deposition testimony. For example, Anthony Derasmo testified that the CW Defendants did not employ any workers at the subject work sites, while each of the Plaintiffs have testified that they were employed by the CW Defendants at each of them.[6] "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *Mendez v MCSS Rest. Corp.,* 564 F Supp 3d 195, 205 (EDNY 2021).

### Conclusions

In sum, the record in this case contains numerous disputed facts, and the issue which Defendants seek to have decided on summary judgment requires a fact-intensive inquiry. This is not the rare case where this issue can be resolved at this juncture. It is thus Plaintiffs' position that allowing the CW Defendants to bring such a motion at this juncture would not be a prudent use of Court or party resources. For the foregoing reasons, and those set forth in the Plaintiffs' previous submissions, the Plaintiffs respectfully request that CW Defendants' request to bring a summary judgment motion be denied.

Respectfully Submitted,

/s Clela Errington
Clela A. Errington, Esq.

cc: all counsel via ECF

---

[5] CW 56.1 Statement, Plaintiffs' Statement of Additional Facts, ¶ 1, CW 56.1 Statement, Plaintiffs' Response to ¶ 31
[6] CW 56.1 Statement ¶ 30, 32