UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GERARDO MOTA BAUTISTA, HUGO
BAUTISTA, JUAN LUIS OVANDO
ZEPEDA, JUAN ZEPEDA, JULIO RICARDO
ALVAREZ MACATOMA, LEONCIO
TORRES ACUNA, MARIO MORALES                           Case No.: 19-cv-08808-AT
ROJAS, OMAR RODRIGUEZ, and
ANTONIO LIMON HERNANDEZ
*Individually and on behalf of others similarly
situated,*

                    Plaintiffs,

          -against-

COUNTY-WIDE MASONRY CORP.,
CARBEN INDUSTRIES INC., CARBEN
CONCRETE INC., CARBEN CONSTRUCTION
INC., ANTHONY DERASMO, ANTHONY
LOGIUDICE, RONALD BROWNING and
MARTIN DOE a/k/a PERU,

                    Defendants.
------------------------------------------------------------------X

## DEFENDANTS COUNTY-WIDE MASONRY CORP., ANTHONY DERASMO AND THIRD-PARTY DEFENDANT COUNTY-WIDE CONSTRUCTION CORP.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

Defendants County-Wide Masonry Corp. ("CW Masonry"), Anthony Derasmo ("Derasmo") and Third-Party Defendant County-Wide Construction Corp. (collectively, the "County-Wide Defendants"), by their attorneys, Dealy Silberstein & Braverman, LLP, respectfully submits this statement of undisputed material facts as to which it contends there is no genuine issue to be tried pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Rule III(C) of Your Honor's Individual Practices in Civil Cases ("Rule 56.1 Statement") in support of their motion for summary judgment seeking to dismiss (i) the claims of Plaintiffs Gerardo Mota

Bautista, Huge Bautista, Juan Luis Ovando Zepeda, Juan Zepeda, Julio Ricardo Alvarez Macatoma, Leoncio Torres Acuna, Mario Morales Rojas, Omar Rodriguez and Antonio Limon Hernandez (collectively, "Plaintiffs") and (ii) the cross-claim and third-party claim of Defendants Carben Industries, Inc., Carben Concrete, Inc., Carben Construction, Inc., Anthony Logiudice and Ronald Browning (the "Carben Defendants") for common law indemnification.[1]

Further included herein are Plaintiffs' responses to the County-Wide Defendants' Rule 56.1 Statement, as well as the responses of the Carben Defendants.

Finally, also included herein is Plaintiffs' Counter 56.1 Statement in opposition to the County-Wide Defendants' Motion for Summary Judgment, together with the County-Wide Defendants' responses.  The Carben Defendants have separately submitted their own Rule 56.1 Statement in connection with their Motion for Summary Judgment.

**THE COUNTY-WIDE DEFENDANTS'
RULE 56.1 STATEMENT WITH PLAINTIFFS'
AND THE CARBEN DEFENDANTS' RESPONSES**

**I.    CW Masonry and CW Construction"**

1.     CW Masonry and CW Construction[2] are construction companies that specialize in masonry and concrete work.  (Derasmo Dep.[3] 14:7-14, 15:18-24; Derasmo Decl., ¶ 4)[4].

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:** Undisputed.

---

[1] The facts set forth herein are undisputed for purposes of the Countywide Defendants' motion for summary judgment only, and are not, nor should they be construed as admissions or stipulations of fact with respect to any other part of this action.

[2] Solely for the purposes of this motion, CW Masonry and CW Construction are collectively referred to as "County-Wide".

[3] References are to the deposition transcript of Anthony Derasmo ("Derasmo Dep.") annexed to the Declaration of Amanda E. Maguire ("Maguire Decl.") as Exhibit A.

[4] References are to the Declaration of Anthony Derasmo ("Derasmo Decl.") submitted in support of the County-Wide Defendants' motion for summary judgment.

2.      County-Wide currently employees less than fifteen (15) employees consisting of a foreman, eight (8) bricklayers/laborers, one (1) estimator and three (3) administrative office employees.  (Derasmo Dep. 14:19-24; Derasmo Decl., ¶ 5).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response:** Carben has no personal knowledge to admit or deny this allegation.

3.      Prior to May 2021, County-Wide did not employ any laborers or bricklayers, instead employing only office employees, an estimator and a field supervisor.  (Derasmo Decl., ¶ 6).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response:** Carben has no personal knowledge to admit or deny this allegation.

4.      County-Wide has never employed any of the Plaintiffs.  (Derasmo Dep. 66:15-17; Derasmo Decl., ¶ 7).

**Plaintiffs' Response:** Disputed (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18, Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

5.      County-Wide did not, directly or indirectly, have the power to hire or fire any of the Plaintiffs.  (Derasmo Decl., ¶ 10).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response**: Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

6.      County-Wide did not, directly or indirectly, supervise any of the Plaintiffs. (Derasmo Decl., ¶ 11).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response**: Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

7.      County-Wide had no direct or indirect control over Plaintiffs' wages.  (Derasmo Decl., ¶ 12).

**Plaintiffs' Response: Disputed.**

**Carben Defendants' Response**: Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

8.      County-Wide had no direct or indirect control over the hours worked by Plaintiffs. (Derasmo Decl., ¶ 13).

**Plaintiffs' Response: Disputed.**

**Carben Defendants' Response**: Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by

"County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

9.      County-Wide did not, directly or indirectly, determine the rate or method of payment to Plaintiffs.  (Derasmo Decl., ¶ 14).

**Plaintiffs' Response:** Disputed (Ex. H to Errington Aff., Sec. 3.4, Ex. I to Errington Aff., Sec. 3.4).

**Carben Defendants' Response**:  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

10.      County-Wide is not in possession of any records pertaining to Plaintiffs.  (Derasmo Decl., ¶ 15).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response**:  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

11.      County-Wide did not, directly or indirectly, order Plaintiffs to work specific hours or schedules.  (Derasmo Decl., ¶ 13).

**Plaintiffs' Response:** Disputed (Ex. H to Errington Aff., Sec. 3.4, Ex. I to Errington Aff., Sec. 3.4).

**Carben Defendants' Response**:  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by

"County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

12.     County-Wide has never paid its employees in cash and, at all relevant times, has used a payroll company to issue paychecks to employees.  (Derasmo Dep. 23-24:4).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement.

II.     **Anthony Derasmo**

13. Derasmo is the principal of County-Wide.  (Derasmo Dep. 12:13-21; Derasmo Decl. ¶ 1).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**  Undisputed.

14.     Derasmo has never, directly or indirectly, employed any of the Plaintiffs either personally or through County-Wide.  (Derasmo Decl., ¶ 7).

**Plaintiffs' Response:** Disputed (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18, Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

15.     Derasmo did not, directly or indirectly, have the power to hire or fire any of the Plaintiffs.  (Derasmo Decl., ¶ 10).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

16.     Derasmo did not, directly or indirectly, supervise any of the Plaintiffs.  (Derasmo Decl., ¶ 11).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

17. Derasmo had no direct or indirect control over Plaintiffs' wages.  (Derasmo Decl., ¶ 12).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

18.     Derasmo had no direct or indirect control over the hours worked by Plaintiffs. (Derasmo Decl., ¶ 13).

**Plaintiffs' Response:** Disputed (Ex. H to Errington Aff., Sec. 3.4, Ex. I to Errington Aff., Sec. 3.4).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by

"County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

19.    Derasmo did not, directly or indirectly, determine the rate or method of payment to Plaintiffs.  (Derasmo Decl., ¶ 14).

**Plaintiffs' Response**:  Disputed (Ex. H to Errington Aff., Sec. 3.4, Ex. I to Errington Aff., Sec. 3.4).

**Carben Defendants' Response**:  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

20.    Derasmo is not in possession of any records pertaining to Plaintiffs.  (Derasmo Decl., ¶ 15).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's Testimony.

**Carben Defendants' Response**:  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

III.    **The 120 Water Street Project**

21.    On or about November 16, 2018, County-Wide entered into a contract (the "120 Water Street Contract") with the Rinaldi Group ("Rinaldi") to perform concrete work at a project located at 120 Water Street, NY, NY. (the "120 Water Street Project").  (Derasmo Dep. 26-27:11; Derasmo Decl. ¶ 18).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**  Undisputed.

22.     Thereafter, on or about November 18, 2018, County-wide and Defendant Carben Industries, Inc. ("Carben Industries")[5] entered into an agreement whereby Carben Industries agreed to "perform and…furnish all work, labor, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of [Carben Industries'] work…for the project known as 120 Water St. located at 120 Water Street, NYC, NY" (the "120 Water Street Subcontract"). (Maguire Decl., Ex. I at p. 1; Derasmo Dep. 31:11-21; LoGiudice Dep.[6] 23:3-10, 24:5-15, 25:7-12; Derasmo Decl., ¶ 19).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Undisputed that a contract was entered into. Otherwise, the contract speaks for itself.

23.     Carben entered into a subcontract with Batrume Industries, Inc. ("Batrume") to provide the labor on the 120 Water Street Project (the "Batrume 120 Water Subcontract"). (LoGiudice Dep. 26:8-11; Browning Dep.[7] 30:21-31:11; Maguire Decl., Ex. J).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:** Undisputed except that Carben has no information indicating that any of the Plaintiffs were employed by Batrume, or that Plaintiffs were a part of the labor supplied by Batrume.

---

[5] Solely for the purposes of this motion, Defendant Carben Industries, Carben Construction Inc. ("Carben Construction") and Carben Concrete Inc. ("Carben Concrete") are collectively referred to as "Carben".

[6] References are to the deposition transcript of Anthony LoGiudice ("LoGiudice Dep.") annexed to the Maguire Decl. as Exhibit B.

[7] References are to the deposition transcript of Ronald Browning ("Browning Dep.") annexed to the Maguire Decl. as Exhibit C.

24.     Batrume was a concrete company that provided labor and manpower on jobsites. (Browning Dep. 25:10-25:21).

**<u>Plaintiffs' Response</u>:** Undisputed.

**<u>Carben Defendants' Response</u>:** Undisputed.

25.     Carben paid Batrume ten (10%) percent on top of Batrume's costs for the project. (LoGiudice Dep. 30:8-31:3; Browning Dep. 31:16-32:6).

**<u>Plaintiffs' Response</u>:** Undisputed.

**<u>Carben Defendants' Response</u>:** Undisputed.

26.     Carben paid Batrume on a weekly basis for its labor costs.  (Browning Dep. 31:16-32:6; Maguire Decl., Ex. K).

**<u>Plaintiffs' Response</u>:** Undisputed.

**<u>Carben Defendants' Response</u>:** Undisputed.

27.     Batrume supplied invoices to Carben for the cost of the work performed and Carben, in turn, remitted payment to Batrume.  (LoGiudice Dep. 37:13-18; Browning Dep. 32:7-32:21).

**<u>Plaintiffs' Response</u>:** Undisputed.

**<u>Carben Defendants' Response</u>:** Undisputed.

28.     Batrume was responsible for performing all work on the 120 Water Street Project, including supplying and supervising all labor.  (LoGiudice Dep. 31:4-14).

**<u>Plaintiffs' Response</u>:** Undisputed that this is Mr. LoGiudice's Testimony.

**<u>Carben Defendants' Response</u>:** Undisputed except that Batrume was responsible for supplying and supervising all the labor it provided to the Project. Carben has no information indicating that

any of the Plaintiffs were employed by Batrume. Carben supplied materials that were installed by Batrume.

29.     Derasmo met with Rinaldi off-site on one or two occasions to discuss the 120 Water Street Project, but never actually visited the 120 Water Street Project.  (Derasmo Dep. 27:22-28:6; 62:22-24; Derasmo Decl., ¶ 31).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. Otherwise, it is undisputed that Derasmo testified to this effect.

30.     County-Wide did not hire any workers to perform work at the 120 Water Street Project.  (Derasmo Dep. 28:10-13; Derasmo Decl., ¶ 21).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Responses:**  Carben has no personal knowledge to admit or deny this statement.

31.     County-Wide did not have any employees present at the 120 Water Street Project. (Derasmo Dep. 35:15-18; 62:25-63:14; Derasmo Decl., ¶ 21).

**Plaintiffs' Response:** Disputed (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18, Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

32.     County-Wide did not employ any of the Plaintiffs at the 120 Water Street Project. (Derasmo Dep. 66:21-24; Derasmo Decl., ¶ 7).

**Plaintiffs' Response:** Disputed (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18, Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.


IV.    **The 70 Schermerhorn Project**

33.    On or about March 1, 2018, County-Wide entered into a contract (the "70 Schermerhorn Contract") with the Noble Construction LLC ("Noble") to perform concrete work at a project located at 70 Schermerhorn Street, Brooklyn, NY. (the "70 Schermerhorn Project"). (Derasmo Dep. 26-27:11; Derasmo Decl., ¶ 16).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:** Undisputed.

34.    Thereafter, on or about January 15, 2019, County-Wide entered into an agreement with Carben whereby Carben agreed to "perform and…furnish all work, labor, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of [Carben Construction's] work…for the project known as 70 Schermerhorn located at 70 Schermerhorn BK, NY" (the "70 Schermerhorn Subcontract"). (Maguire Decl., Ex. L at p. 1; Derasmo Dep. 39:25-40:16; LoGiudice Dep. 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶ 17).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:** Undisputed that a contract was entered into. Otherwise, the contract speaks for itself.

35.      Pursuant to the 70 Schermerhorn Subcontract, Carben was to supply all materials and labor to perform the concrete work at the 70 Schermerhorn Project. (Maguire Decl. Ex. L, at p. 1; Derasmo Dep. 41:18-25, 44:7 – 12).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:** Undisputed that a contract was entered into. Otherwise, the contract speaks for itself.

36.      Carben thereafter entered into a subcontract with Batrume to supply the labor at the 70 Schermerhorn Project (the "Batrume 70 Schermerhorn Subcontract"). (LoGiudice Dep. 35:17-24; Browning Dep. 25:4-9; Maguire Decl., Ex. M).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:** Undisputed except that Carben has no information indicating that any of the Plaintiffs were employed by Batrume, or that Plaintiffs were a part of the labor supplied by Batrume.

37.      Michael Garrido negotiated the Batrume 70 Schermerhorn Contract on behalf of Batrume. (Browning Dep. 30:2-10).

**Plaintiffs' Response:** Undisputed that this is Mr. Browning's testimony.

**Carben Defendants' Response**: Undisputed.

38.      Carben supplied the materials and handled the scheduling for the project to ensure that the project was being completed in a timely manner. (Browning Dep. 25:10-26:20, 31:5-9).

**Plaintiffs' Response:** Undisputed that this is Mr. Browning's testimony.

**Carben Defendants' Response**:   Undisputed that Carben supplied materials and handled scheduling of project milestones. However, to the extent asserted herein by County Wide, Carben disputes that it had any role in scheduling the hours worked by any laborers on the Project, or the hours of any of Plaintiffs. (See Carben's Statement of Material Facts in support of its Summary Judgment Motion).

39.    Derasmo visited the 70 Schermerhorn Project once for a change order meeting with Anthony LoGiudice and Ronald Browning.  (Derasmo Dep. 45:10-15).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response**:   Carben has no personal knowledge to admit or deny this statement. Otherwise, undisputed that this statement was testified to.

40.    Other than the one change order meeting, Derasmo never visited the 70 Schermerhorn Project. (Derasmo Dep. 47:13-16, 63:15-19).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response**:   Carben has no personal knowledge to admit or deny this statement. Otherwise, undisputed that this statement was testified to.

41.    County-Wide did not employ Plaintiffs at the 70 Schermerhorn Project.  (Derasmo Dep. 66:18-20).

**Plaintiffs' Response:** Disputed. (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18., Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response**:   Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

42.     County-Wide did not have an employees present at the 70 Schermerhorn Project. (Derasmo Dep. 41:18-25, 63:20-23).

**Plaintiffs' Response:**  Disputed. (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18., Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

43.     Noble Construction required that every worker onsite at the 70 Schermerhorn Project have an I.D. badge in order to access the jobsite. (Derasmo Dep. 54:20-55:3).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. Undisputed that Mr. Derasmo testified to this effect.

44.     The I.D. badges issued to Plaintiffs stated "County Wide Construction" because CW Construction held the contract with Noble Construction.  (Derasmo Dep. 56:6-15).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response**:  The reasons why the badges stated County Wide's name is disputed because each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic).  See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

45.     However, Plaintiffs did not work for County Wide.  (Derasmo Dep. 56:11-14).

**Plaintiffs' Response:**  Disputed. (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18., Exhibits A-D to Errington Affirmation).

**Carben Defendants' Response**:   Carben has no personal knowledge to admit or deny this statement. However, in discovery, each of the Plaintiffs claimed to have been employed by "County Wide" or "Country Wide" (sic). See Carben's Statement of Material Facts in support of its own Summary Judgment Motion.

46.     Defendant Browning paid for the I.D. badges that were issued by Noble to Plaintiffs with his credit card.  (Derasmo Dep. 54:19-55:17, 61:16-62:5).

**Plaintiffs' Response:**  Disputed (Browning Dep. 37:6-12, LoGiudice Dep. 36:5-9).

**Carben Defendants' Response:**  Disputed. Mr. Browning testified that he had no involvement in obtaining any ID badges. (Browning Dep. 36:14-37:21) Also, Mr. Derasmo testified he did not know who would be issued a badge because that was done on the jobsite. (Derasmo Dep. 55:7-24).  Mr. Derasmo testified that he did not know how many badges Mr. Browning allegedly signed up for, and he did not know the names of the individuals for whom Mr. Browning was allegedly purchasing badges. (Derasmo Dep., 60:7-10) Overall, Carben disputes that Mr. Derasmo's unsupported and vague testimony on these "badges" is material.

47.     County-Wide never maintained "sign-in sheets" at the Projects and never tracked the hours worked by the workers, including Plaintiffs.  (Derasmo Dep. 57:16-58:3).

**Plaintiffs' Response:**  Disputed (Exhibit G to Errington Affirmation).

**Carben Defendants' Response:**  Carben has no personal knowledge to admit or deny this statement. Undisputed that Mr. Derasmo testified to this fact.

48.     During the negotiation of both the 120 Water Street and 70 Schermerhorn Street Subcontract, County-Wide never discussed with Carben the wage rates for the laborers used on the projects.  (Derasmo Dep. 50:12-18).

**Plaintiffs' Response:**  Undisputed that this was Mr. Derasmo's testimony.

**Carben Defendants' Response**:  Undisputed.

49.     Pursuant to the 120 Water Street Subcontract and 70 Schermerhorn Street Subcontract, Carben received payment from County-Wide for "work in place" meaning that Carben received payment for completed work.  (Derasmo Dep. 50:19-51:19).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Derasmo testified to this fact. Disputed that Carben was paid in full for its work on this Project. It is further disputed that any issue of payment between Carben and County Wide is "material".

50.     Carben would bill County-Wide after completing a certain portion of the work and County-Wide would in turn remit payment to Carben for that completed work.  (Derasmo Dep. 52:5-14).

**Plaintiffs' Response:**  Undisputed that this was Mr. Derasmo's testimony.

**Carben Defendants' Response**:  Undisputed that Mr. Derasmo testified to this effect. To the extent there is an ongoing separate dispute between Carben and County Wide on payments for this Project, this fact is disputed. However, Carben submits that this statement is not "material".

51.     Browning determined the pricing for the projects, which was inclusive of materials, labor and equipment.  (Derasmo Dep. 52:19-53:17).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Disputed as this is not the subject of Mr. Derasmo's testimony. However, this fact is not "material".

52.     County-Wide was unaware of the cost of labor, as the pricing provided by Carben was not broken down to specify those costs.  (Derasmo Dep. 53:18-20).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response:**  Disputed. Mr. Derasmo testified simply that he did not ask for a breakdown of the contract price with Carben. He did not testify that he was unaware of the costs of labor.

53.     County-Wide paid Carben in full for all work performed at the Projects.  (Derasmo Decl., ¶ 32).

**Plaintiffs' Response:**  Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response:**  Disputed. Payment on the 120 Water St. Project between Carben and County Wide is the subject of a separate litigation bearing Index Number 651799/21 in the New York Supreme Court. However, this fact is not material.

54.     Martin Peru ("Peru") was employed by Batrume as its foreman on the 120 Water Street Project.  (LoGiudice Dep. 38:22-39:12, 39:13-17; Derasmo Dep. 64:4-10; Rodriguez Dep.[8] 17:3-11).

**Plaintiffs' Response:** Undisputed that this is the testimony of Messrs. LoGiudice and Derasmo. Dispute that Mr. Rodriguez identified "Batrume" as "Peru's" employer.

**Carben Defendants' Response:**  Disputed. Mr. Rodriguez testified that Mr. Peru worked for County Wide. (Rodriguez Dep., 16:16-17) Mr. Logiudice testified that "maybe" he was employed by Batrume, but Mr. Logiudice had no personal knowledge of that fact. Mr. Derasmo testified that he has "no idea" whether Martin Peru worked for Batrume. (Derasmo Dep. 65:4-7).

---

[8] References are to the deposition transcript of Plaintiff Omar Rodriguez ("Rodriguez Dep.") annexed to the Maguire Decl. as <u>Exhibit D</u>.

55.     Peru also managed the 70 Schermerhorn Project and was routinely present onsite. (Mota Bautista[9] Dep. 30:3-4; Rodriguez Dep. 17:3-8; Acuna Dep.[10] 14:9-14; Ovando-Zepeda[11] Dep. 15:8-16).

**Plaintiffs' Response**:  Undisputed.

**Carben Defendants' Response**:  Undisputed that these individuals testified to this statement.

56.     Peru was not employed by County-Wide.  (Derasmo Decl., ¶ 28).

**Plaintiffs' Response**:  Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response**:   Carben has no personal knowledge to admit or deny this statement.  However, Mr. Rodriguez testified that Peru was employed by County Wide. (Rodriguez Dep., 16:16-17).

57.     Neither County-Wide, nor Derasmo, had any conversations with Peru concerning Plaintiffs or their terms and conditions of employment, including their schedules or pay.  (Derasmo Decl., ¶ 29).

**Plaintiffs' Response:** Undisputed that this is Mr. Derasmo's testimony.

**Carben Defendants' Response**:   Carben has no personal knowledge to admit or deny this statement.

58.     Neither Derasmo, nor County-Wide, had any actual or implied control over Batrume or Peru.  (Derasmo Decl., ¶ 23).

**Plaintiffs' Response**:  Undisputed that this is Mr. Derasmo's testimony.

---

[9] References are to the deposition transcript of Plaintiff Gerardo Mota Bautista ("Mota Bautista Dep.") annexed to the Maguire Decl. as <u>Exhibit E</u>.

[10] References are to the deposition transcript of Plaintiff Leoncio Torres Acuna ("Acuna Dep.") annexed to the Maguire Decl. as <u>Exhibit F</u>.

[11] References are to the deposition transcript of Plaintiff Juan Luis Ovando-Zepeda ("Ovando-Zepeda") annexed to the Maguire Decl. as <u>Exhibit G</u>.

**Carben Defendants' Response**:  Carben has no personal knowledge to admit or deny this statement. However, Mr. Rodriguez testified that Peru was employed by County Wide. (Rodriguez Dep., 16:16-17).

59.    Peru was Plaintiff Gerardo Mota Bautista's ("Plaintiff Mota Bautista") supervisor at the 120 Water Street Project who assigned Plaintiff Mota Bautista's duties and controlled his schedule, pay and hours worked.  (Mota Bautista Dep. 28:6-10, 29:10-12, 29:22-30:4, 37:17-25).

**Plaintiffs' Response:** Undisputed that Peru assigned duties, schedule, and hours worked.  Dispute that Peru controlled his pay as Mr. Mota did not state this in his deposition.

**Carben Defendants' Response**:  Disputed insofar as Mr. Bautista only testified that Peru would assign him tasks and issue his pay.

60.    Peru physically paid Plaintiff Mota Bautista his wages in cash.  (Mota Bautista Dep. 42:2-4).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Bautista testified to this statement.

61.    Plaintiff Mota Bautista complained to Peru about his wages.  (Mota Bautista Dep. 42:15-43:6).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Bautista testified to this statement.

62.    Peru directed Mota Bautista to purchase certain tools and equipment.  (Mota Bautista Dep. 45:20-25).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Bautista testified to this statement.

63.     Mota Bautista does not know Defendant Derasmo or County-Wide employees, Mark LaSala or Kenny LaSala.  (Mota Bautista Dep. 46:14-22).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Disputed insofar as Mr. Bautista did not testify that he did not know County Wide Employees. To the contrary, Mr. Bautista claimed he was employed by "Country- Wide" (sic).

64.     Peru hired Plaintiff Omar Rodriguez ("Plaintiff Rodriguez") for both the 120 Water Street Project and the 70 Schermerhorn Project.  (Rodriguez Dep. 15:21-16:6, 16:24-17:2).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

65.     Peru was Plaintiff Rodriguez's supervisor on both Projects.  (Rodriguez Dep. 18:11-13).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

66.     Peru would oversee daily safety meetings with employees on the Projects along with individuals named Jordan and Mike.  (Rodriguez Dep. 19:11-20:6; Rojas Dep.[12] 19:25-20:9).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

67.     Peru paid Plaintiff Rodriguez his wages.  (Rodriguez Dep. 20:16-18, 21:11-13).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

---

[12] References are to the deposition transcript of Plaintiff Mario Morales Rojas ("Rojas Dep.") annexed to the Maguire Decl. as <u>Exhibit H</u>.

68.     Plaintiff Rodriguez received payment of his wages in cash.  (Rodriguez Dep. 21:14-16).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

69.     When paying Plaintiff Rodriguez his wages, Peru would have Plaintiff Rodriguez sign a blank sheet of paper acknowledging receipt of the cash.  (Rodriguez Dep. 21:17-22:6).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

70.     Plaintiff Rodriguez complained to Peru about his wages.  (Rodriguez Dep. 30:19-21).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

71.     Plaintiff Rodriguez has never heard of Defendant Derasmo.   (Rodriguez Dep. 36:14-16).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Undisputed that Mr. Rodriguez testified to this statement.

72.     Peru hired Plaintiff Leoncio Torres Acuna ("Plaintiff Acuna") to work at the Projects.  (Acuna Dep. 11:24-12:5).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**   Disputed. Mr. Acuna testified that a man named "Perucho" hired him. (Acuna Dep. 11:24-12:5).

73.     Peru never told Plaintiff Acuna that he worked for County-Wide.  (Acuna Dep. 12:25-13:5).

**Plaintiffs' Response**:  Undisputed.

**Carben Defendants' Response**:  Disputed. Mr. Acuna testified that he never heard of "Peru". He testified that the man who hired him, "Perucho" worked for County Wide. (Acuna Dep. 12:20-21).

74.     Peru was Plaintiff Acuna's supervisor at the Projects.  (Acuna Dep. 14:7-8).

**Plaintiffs' Response**:  Undisputed.

**Carben Defendants' Response**:  Disputed. Acuna testified that Perucho was his supervisor. (Acuna Dep. 14:7-8).

75.     Plaintiff Acuna has never heard of Defendant Derasmo.  (Acuna Dep. 15:3-4).

**Plaintiffs' Response**:  Undisputed.

**Carben Defendants' Response**:  Undisputed that Acuna testified to this statement.

76.     Peru paid Plaintiff Acuna his wages in cash.  (Acuna Dep. 17:1-5).

**Plaintiffs' Response**:  Undisputed.

**Carben Defendants' Response**:  Disputed. Acuna testified that "Perucho" paid him. (Acuna Dep. 17:1-5).

77.     Plaintiff Mario Morales Rojas ("Plaintiff Rojas") was employed at both the 120 Water Street Project and the 70 Schermerhorn Project.  (Rojas Dep. 10:22-23).

**Plaintiffs' Response**:  Undisputed.

**Carben Defendants' Response**:  Undisputed that Plaintiff Rojas testified that he worked for County Wide at these two projects.

78.     Peru hired Plaintiff Rojas.  (Rojas Dep. 11:23-12:12).

**Plaintiffs' Response**: Undisputed.

**Carben Defendants' Response**:  Undisputed that Plaintiff Rojas testified to this statement.

79.     Peru was Plaintiff Rojas' supervisor on the Projects.  (Rojas Dep. 15:13-14).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**  Undisputed that Plaintiff Rojas testified to this statement.

80.     Jordan and Mike were Peru's supervisors on the Projects.  (Rojas Dep. 16:25-17:5, 17:13-18).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Disputed. Plaintiff Rojas did not testify definitively that "Jordan and Mike" were "Peru's" supervisors.

81.     Peru told Plaintiff Rojas that he was "going to work for County-Wide".  (Rojas Dep. 17:13-24).

**Plaintiffs' Response:** Undisputed.

**Carben Defendants' Response:**  Undisputed that Plaintiff Rojas testified to this statement.

82.     Peru was Plaintiff Juan Luis Ovando-Zepeda's ("Plaintiff Ovando-Zepeda") supervisor on the Projects.  (Ovando-Zepeda Dep. 12:2-4, 15:8-13).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Zepeda testified to this statement.

83.     Peru worked for Jordan and Michael Garrido – the owners of Batrume.  (Ovando-Zepeda Dep. 12:5-6).

**Plaintiffs' Response**: Undisputed that Mr. Ovando-Zepeda testified that Peru worked for Jordan and Michael Garrido. Disputed that Mr. Ovando-Zepeda testified that they were the owners of Batrume.

**Carben Defendants Response**:  Disputed. Mr. Zepeda testified only that Peru worked for "Jordan and Michael". He did not know who they worked for.

84.     Peru paid Plaintiff Ovando-Zepeda his wages in cash.  (Ovando-Zepeda Dep. 15:7-8, 20:24-21:9).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Zepeda testified to this statement.

85.     Plaintiff Ovando-Zepeda would sign-in and out every day in a book that was maintained by Peru's employee.  (Ovando-Zepeda Dep. 16:16-17:8, 18:7-19:8).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response:**  Undisputed that Mr. Zepeda testified to this statement.

86.     Plaintiff Ovando-Zepeda never heard of Defendant Derasmo.   (Ovando-Zepeda Dep. 20:15-17).

**Plaintiffs' Response:**  Undisputed.

**Carben Defendants' Response[13]:**  Undisputed that Mr. Zepeda testified to this statement.

*     *     *

### PLAINTIFFS' STATEMENT OF "ADDITIONAL FACTS"

1.  The Plaintiffs have never heard of Batrume Industries. (Acuna Dep. 15:5-7, Rodriguez Dep. 20:13-15, Bautista Dep. 38:8-10, Rojas Dep. 26:7-8, Ovando-Zepeda Dep. 20:8-10).

**County-Wide Defendants' Response:**  Undisputed as to the fact that Plaintiffs testified as stated above, but disputed as to stated proposition.  While Plaintiff may not have heard of Batrume, Carben and/or Batrume was responsible for providing, and did in fact provide, the labor on the Projects – not County-Wide.  (Maguire Decl., Exs. I at p. 1, J, L at p. 1; Derasmo Dep. 31:11-21,

---

[13] Additional facts relevant to both Carben's and County Wide's Summary Judgment motions are set forth in Carben's Statement of Material Facts.

39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 26:8-11, 34:8-15; Browning Dep. 21:14-22:8, 30:21-31:11; Derasmo Decl., ¶¶ 17, 19).

    2. The Plaintiffs were employed by County-Wide. (Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18., Exhibits A-D to Errington Affirmation)

**County-Wide Defendants' Response:** Disputed. County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7). In fact, County-Wide did not employ anyone on the Projects. (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.

    3. Plaintiffs worked for County-Wide's at job sites in both Manhattan and Brooklyn. (Ovando-Zepeda Dep. 10:5-10, Rodriguez Dep. 13:11-14, Mota Bautista Dep. 22:8-12, Acuna Dep. 10:11-14, Rojas Dep. 10:18-23)

**County-Wide Defendants' Response**: Disputed as to the characterization of the Manhattan and Brooklyn jobsites as "County-Wide's".

    4. As part of County-Wide's contract with Rinaldi Group, they agreed to provide labor to the job site located at 120 Water St. (Ex. E to Errington, Sec. 1.1)

**County-Wide Defendants' Response:** Disputed as to the stated proposition. County-Wide never employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7). County-Wide did not employ anyone or provide any labor on the Projects. (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21. County-Wide and Carben entered into agreements whereby Carben agreed to "perform and…furnish all work, ***labor***, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of…work" at the Projects. (Maguire Decl., Ex I at p. 1 (emphasis added), Ex. L at p. 1 (emphasis

added); Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 34:8-

15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶¶ 17, 19).  Carben entered into a subcontract with

Batrume to provide labor on the Projects and paid Batrume on a weekly basis for its labor costs.

(Browning Dep. 31:16-32:6; Maguire Decl., Ex. K).

> 5.  As part of County-Wide's contract with Rinaldi Group, they agreed to certain
>
>     conditions regarding the labor they would supply to the job site located at 120 Water
>
>     St.  (Ex. E to Errington Aff., Sec. 7.4)

**County-Wide Defendants' Response:**  Disputed on the grounds that the contracts speak for itself.

Further disputed on the grounds that County-Wide did not employ anyone or provide any labor on

the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.

County-Wide and Carben entered into agreements whereby Carben agreed to "perform

and…furnish all work, *labor*, services, materials, plans, equipment, tools, scaffolds, appliances

and all other things necessary for the completion of…work" at the Projects.  (Maguire Decl., Ex I

at p. 1 (emphasis added), Ex. L at p. 1 (emphasis added); Derasmo Dep. 31:11-21, 39:25-40:16;

LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl.,

¶¶ 17, 19).  Carben entered into a subcontract with Batrume to provide labor on the Projects and

paid Batrume on a weekly basis for its labor costs.  (Browning Dep. 31:16-32:6; Maguire Decl.,

Ex. K).

> 6.  As a part of County-Wide's contract with Noble Construction, Countywide agreed to
>
>     provide labor to the job site located at 120 Water St. (Ex. F to Errington Aff., Sec.
>
>     1,1)

**County-Wide Defendants' Response:**  Disputed as to the stated proposition.  County-Wide never

employed any of the Plaintiffs. (Derasmo Dep. 66:15-24; Derasmo Decl., ¶ 7).  County-Wide did

not employ anyone or provide any labor on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.   County-Wide and Carben entered into agreements whereby Carben agreed to "perform and…furnish all work, *labor*, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of…work" at the Projects.  (Maguire Decl., Ex I at p. 1 (emphasis added), Ex. L at p. 1 (emphasis added); Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶¶ 17, 19).  Carben entered into a subcontract with Batrume to provide labor on the Projects and paid Batrume on a weekly basis for its labor costs.  (Browning Dep. 31:16-32:6; Maguire Decl., Ex. K).

7.   As a part of County-Wide's contract with Noble Construction, Countywide agreed to certain conditions regarding the labor they would supply to the job site located at 70 Schermerhorn. (Ex. F to Errington Aff., Sec., 7.4)

**County-Wide Defendants' Response:**   Disputed on the grounds that County-Wide did not employ anyone or provide any labor on the Projects.  (Derasmo Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.   County-Wide and Carben entered into agreements whereby Carben agreed to "perform and…furnish all work, *labor*, services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for the completion of…work" at the Projects.  (Maguire Decl., Ex Iat p. 1 (emphasis added), Ex. L at p. 1 (emphasis added); Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15, 25:7-12, 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶¶ 17, 19).  Carben entered into a subcontract with Batrume to provide labor on the Projects and paid Batrume on a weekly basis for its labor costs.  (Browning Dep. 31:16-32:6; Maguire Decl., Ex. K).

8.  County-Wide was compensated for providing labor and materials under contracts
    Rinaldi Group and Noble Construction.  (Derasmo Dep. 51:20-25, 52:51:2-19).

**County-Wide Defendants' Response**:  **Disputed as to the stated proposition.**  Disputed on the
grounds that County-Wide did not employ anyone or provide any labor on the Projects.  (Derasmo
Dep. 35:15-18, 41:18-25, 62:25-63:14, 63:20-23; Derasmo Decl., ¶ 21.   County-Wide and Carben
entered into agreements whereby Carben agreed to "perform and…furnish all work, ***labor***,
services, materials, plans, equipment, tools, scaffolds, appliances and all other things necessary for
the completion of…work" at the Projects.  (Maguire Decl., Ex Iat p. 1 (emphasis added), Ex. L at
p. 1 (emphasis added); Derasmo Dep. 31:11-21, 39:25-40:16; LoGiudice Dep. 23:3-10, 24:5-15,
25:7-12, 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶¶ 17, 19).  Carben entered into a
subcontract with Batrume to provide labor on the Projects and paid Batrume on a weekly basis for
its labor costs.  (Browning Dep. 31:16-32:6; Maguire Decl., Ex. K).

9.  Pursuant to Carben's contracts with County-Wide, County-Wide retained certain
    responsibilities for the wages and hours worked by laborers at both 120 Water St. and
    70 Schermerhorn. (Ex. I, Sec. 3.4, Ex. M., Sec. 3.4)

**County-Wide Defendants' Response**:  Disputed on the grounds that County-Wide (i) did not
exercise direct or indirect control over Plaintiffs' wages.  (Derasmo Decl., ¶ 12); (ii) had no direct
or indirect control over the hours worked by Plaintiffs.  (Derasmo Decl., ¶ 13); (iii) did not, directly
or indirectly, order Plaintiffs to work specific hours or schedules.  (Derasmo Decl., ¶ 13); (iv) did
not, directly or indirectly, determine the rate or method of payment to Plaintiffs. (Derasmo Decl.,
¶ 14); (v) had any actual or implied control over Carben, Batrume Industries Inc. ("Batrume") or
Defendant Martin Peru. (Derasmo Decl., ¶ 23); or (vi) had any actual or implied control over the
terms and conditions of Plaintiffs' employment. (Derasmo Decl., ¶ 24).

Dated: New York, New York
       July 27, 2022

Respectfully submitted,

DEALY SILBERSTEIN &
BRAVERMAN, LLP


By: _____/s/_____
        Amanda E. Maguire
225 Broadway, Suite 1405
New York, NY 10007
Tel: (212) 385-0066
amaguire@dsblawny.com

*Attorneys for Defendants County-Wide
Masonry Corp., Anthony Derasmo and
Third-Party Defendant County-Wide
Construction Corp.*