**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ, *individually and on behalf of others similarly situated,* | Case No. 19-cv-8808 **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COUNTY-WIDE MASONRY CORP., AND ANTHONY DERASMO'S MOTION FOR SUMMARY JUDGMENT** |
| *Plaintiffs,* | |
| -against- | |
| COUNTY-WIDE MASONRY CORP., CARBEN INDUSTRIES, INC., CARBEN CONCRETE, INC., CARBEN CONSTRUCTION INC.,  ANTHONY DERASMO, ANTHONY LOGIUDICE, RONALD BROWNING, and MARTIN DOE a/k/a PERU | |
| *Defendants.* | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COUNTY-WIDE MASONRY CORP. AND ANTHONY DERASMO'S MOTION FOR SUMMARY JUDGMENT**

## **Table of Contents**

**Preliminary Statement** ................................................................................................... 5

**Statement of Facts** ........................................................................................................ 5

**Argument** ......................................................................................................................... 7

    **I.**    **The Legal Standard for a Motion for Summary Judgment** ............................. 7

        **A.**   **Genuine Disputes Exist Over Whether the Defendants were Joint Employers** ................. 8

            **1.**   **Whether the County-Wide Defendants employed the Plaintiffs under the Carter test is subject to disputed material facts** ................................................................. 8

            **2.**   **Whether the County-Wide Defendants employed the Plaintiffs under the Zheng test is subject to disputed material facts** .............................................................. 10

                *a.*   *Neither the County-Wide Defendants, the Carben Defendants, or Batrume's premises and equipment were used for the plaintiffs' work* ..................................... 11

                *b.*   *Neither the Carben Defendants nor Batrume shifted its employee from one contractor to another* ................................................................................................... 11

                *c.*   *A reasonable jury could conclude that the plaintiffs performed a discrete line job that was integral to [the purported joint employer's] process of production* ................. 12

                *d.*   *Responsibility could pass from one subcontractor to another without material changes* 14

                *e.*   *The degree to which the putative joint employer supervised the Plaintiffs* ................... 15

                *f.*   *The plaintiffs worked exclusively for the Water Street and Schermerhorn Projects during the relevant time periods* ................................................................. 15

        **B.**   **To Resolve Factual Disputes in this Case Requires Credibility Determinations** ............... 16

**Table of Authorities** _____

Cases

*Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d, 132 (2d Cir. 2008) ...................................................... 7

*Carollo v United Capital Corp.*, 528 F Supp 3d 37 (NDNY 2021) ........................................................ 6

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984) ........................................................ 7

*Curry v P&G Auditors & Consultants*, LLC, 2021 US Dist LEXIS 149402 (SDNY 2021). ................... 10

*Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997) ........................................................................................ 6

*Gil v Pizzarotti, LLC*, 2021 US Dist LEXIS 59668 (SDNY, 2021) ........................................................ 6

*Godlewska*, 916 F. Supp. 2d 264 (EDNY 2013). ............................................................................. 13, 14

*Greenawalt v. AT&T Mobility LLC*, 642 Fed .Appx. 36 (2d Cir. 2016)............................................... 8, 11

*Gummo v. Village of Depew*, 75 F.3d 98 (2d Cir. 1996) ....................................................................... 6

*Hart v Rick's Cabaret Intl.,* Inc., 967 F Supp 2d 901 (SDNY 2013). .................................................... 8

*Jean-Louis v Metro. Cable Communs.*, Inc., 838 F Supp 2d 111 (SDNY 2011). ............................. 11, 13

*Jeffreys. v. City of New York*, 426 F.3d 549 (2d Cir. 2005) ..................................................................... 6

*Lee v Grand Sichuan E. (NY) Inc.*, 2014 US Dist LEXIS 6752 (SDNY 2014). ...................................... 15

*Severino v 436 W. L.L.C.,* 2015 US Dist LEXIS 181564 (SDNY 2015)................................................... 14

*Suarez v Murray*, 2021 US Dist LEXIS 65016 (SDNY 2021). ................................................................ 10

*Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290 (1985) ...................................................... 7

*United Rentals (N. America), Inc. v. Conti Enters., Inc.,* 293 F. Supp. 3d 447, 451 (S.D.N.Y. 2018)......... 6

*Ward v. Stewart*, 286 F. Supp. 3d 321 (N.D.N.Y. 2017) ........................................................................ 6

*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996)........................................................................................ 6

*Zavala v Pei Elec. Servs. Group Inc.*, 2022 US Dist LEXIS 113675 (SDNY 2022................................. 14

*Zheng v. Liberty Apparel Co.,* 355 F.3d 61   (2d Cir. 2003),.........................................9, 10, 11, 12, 13, 14

Statutes

29 U.S.C. §203 ......................................................................................................................... 8

NY CLS Labor § 198-e(5) ...................................................................................................... 12

**Preliminary Statement**

The Plaintiffs, Gerardo Mota Bautista, Hugo Bautista, Juan Luis Ovando Zepeda, Juan Zepeda, Julio Ricardo Alvarez Macatoma, Leoncio Torres Acuna, Mario Morales, Omar Rodriguez, and Antonio Limon Hernandez, by their attorneys, CSM Legal, P.C., submit this memorandum of law in opposition to the motion of Defendants County-Wide Masonry Corp. and Anthony Derasmo's Motion for Summary Judgment.

**Statement of Facts[1]**

This is an action for money damages brought by the Plaintiffs, who were all employed as construction workers for various amounts of time in 2019 time on two projects:  located at 120 Water Street in Manhattan, New York (the "Water Street Project" or "Water Street Site") and the other located at 70 Schermerhorn Street in Brooklyn, New York (the "Schermerhorn Project" or "Schermerhorn Site"). They contend that they were jointly employed by County-Wide Masonry Corp., Anthony Derasmo, ("The County-Wide Defendants) Carben Industries Inc., Carben Construction Inc., Carben Concrete, Inc., Ronald Browning, and Anthony LoGiudice, ("Carben Defendants") and Martin Doe a/k/a Peru ("Peru."), and that they suffered unpaid overtime wages while working on both projects. The instant motion is being brought by the County-Wide Defendants, seeking summary judgment on the issue of whether the County-Wide Defendants employed the Plaintiffs as a matter of law.

Anthony Derasmo is the principal of County-Wide (CW 56.1 Statement ¶ 13, Derasmo Dep. 12:13-21; Derasmo Decl. ¶ 1). County-Wide Masonry is a construction company that

---

[1] Referenced herein are County-Wide's Rule 56.1 Statement with Plaintiffs' Statement of Additional Facts (Docket No. 154), Carben's Rule 56.1 Statement (Docket No. 142) with counterstatement containing Plaintiffs' Statement of Additional Facts (Docket No. 147.)

specializes in masonry and concrete work. (CW 56.1 Statement ¶ 1, Derasmo Dep.3 14:7-14, 15:18-24; Derasmo Decl., ¶ 4). The County-Wide Defendants entered into a contract with a company called the Rinaldi Group to provide, *inter alia,* labor to the job site located at 120 Water St. (CW Rule 56.1 Statement, Plaintiff's Statement of Additional Facts, ¶ 4, Ex. E to Errington, Sec. 1.1). The County-Wide Defendants entered into a contract with a company called Noble Construction to provide, *inter alia,* labor to the job site located at 70 Schermerhorn St. (CW Rule 56.1 Statement, Plaintiff's Statement of Additional Facts ¶ 6, Ex. F to Errington Aff., Sec. 1,1). The County-Wide Defendants allege that they then entered into subcontracts with the Carben Defendants under for work under these contracts, including, *inter alia,* the supplying of labor to these job sites.  (CW 56.1 Statement ¶ 34, Maguire Decl., Ex. L at p. 1; Derasmo Dep. 39:25-40:16; LoGiudice Dep. 34:8-15; Browning Dep. 21:14-22:8; Derasmo Decl., ¶ 17).The Carben Defendants then go on to claim that they in turn entered into a subcontract with a company called "Batrume Industries"[2] and that it was ultimately Batrume who was responsible for employing the Plaintiffs. (CW 56.1 Statement, ¶ 36, LoGiudice Dep. 35:17-24; Browning Dep. 25:4-9; Maguire Decl., Ex. M). The testimony of the Plaintiffs, without exception, is that they worked for County-Wide on these two projects. (CW 56.1 Statement, Plaintiffs' Statement of Additional Facts ¶ 2, Rodriguez Dep. 11:7-8, Mota Bautista Dep. 46:23-25, 47:1-14, Acuna Dep. 10:4-5, Rojas Dep. 9:16-18., Exhibits A-D to Errington Affirmation). In the instant action, we are dealing with several layers of contracts. First, between the general contractors (Rinaldi Group and Noble Construction) and County-Wide. Second, between County-Wide and Carben. Third, between Carben and Batrume. Given the pervasive material facts disputed in this case, it is the Plaintiffs' contention

---

[2] The Carben Defendants filed third party claims against Batrume Industries. (Docket No. 87). Batrume Industries failed to appear. (Docket No. 120) The Plaintiffs have never heard of Batrume Industries. (CW 56.1 Statement, Plaintiffs' Statement of Additional Facts, ¶1, Acuna Dep. 15:5-7, Rodriguez Dep. 20:13-15, Bautista Dep. 38:8-10, Rojas Dep. 26:7-8, Ovando-Zepeda Dep. 20:8-10)

that both the County-Wide and Carben defendants bear responsibility for their wage violations as joint employers, with or without Batrume.

## Argument

### I.     The Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate only when, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Gil v Pizzarotti, LLC*, 2021 US Dist. LEXIS 59668, at *8 (SDNY, 2021). A material factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[I]f there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party that supports a finding that a material factual dispute exists, summary judgment is improper." *United Rentals (N. America), Inc. v. Conti Enters., Inc.,* 293 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (citing *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996). "Additionally, a court considering a summary judgment motion "must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party." *Carollo v United Capital Corp.*, 528 F Supp 3d 37, 48 (NDNY 2021) quoting *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citing *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)). On a summary judgment motion, "[t]he Court 'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Id.* (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("Credibility assessments, choices

between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment").

### A.  Genuine Disputes Exist Over Whether the Defendants were Joint Employers

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. §203  "The Supreme Court has recognized that `broad coverage [under the FLSA] is essential to accomplish the [statute's] goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) (citing *Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)).  Accordingly, the Supreme Court has "consistently construed the Act liberally to apply to the furthest reaches consistent with congressional direction." *Id.*  The determination of whether an employer-employee relationship exists under FLSA is based on an "economic reality" test taking account of the totality of the circumstances. *Id.* at 104.

### 1.  Whether the County-Wide Defendants employed the Plaintiffs under the Carter test is subject to disputed material facts

In *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), the Second Circuit identified four factors for determining the of a putative employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008) (quoting *Carter*, 735 F.2d at 12).  These factors do not constitute "a rigid rule for the identification of a FLSA employer," but rather "provide a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court

8

is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id.* at 143. Formal control "does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control do[] not diminish the significance of its existence." *Hart v Rick's Cabaret Intl.,* Inc., 967 F Supp 2d 901, 939 (SDNY 2013).

*Carter* "defines employment more narrowly than FLSA requires, [therefore] satisfying this test is sufficient, but not necessary, to show joint employment." *Greenawalt v. AT&T Mobility LLC*, 642 Fed .Appx. 36, 37 (2d Cir. 2016).

An examination of the *Carter* factors with regard to the Plaintiffs' work on the Water Street and Schermerhorn projects shows that the factors are subject to disputed material facts – specifically, the identity of their foreman, to whom he reported, for whom he worked, and for whom the persons to whom he reported worked. The Plaintiffs have stated that they were hired and supervised on both projects by man named Martin, last name unknown, who went by the nickname "Peru." (CW Rule 56.1 Statement ¶ 55, Mota Bautista Dep. 30:3-4; Rodriguez Dep. 17:3-8; Acuna Dep. 14:9-14; Ovando-Zepeda Dep. 15:8-16, CW Rule 56.1 Statement ¶ 59, Mota Bautista Dep. 28:6-10, 29:10-12, 29:22-30:4, 37:17-25, CW Rule 56.1 Statement ¶ 64, Rodriguez Dep. 15:21-16:6, 16:24-17:2), CW Rule 56.1 Statement ¶ 65,  Rodriguez Dep. 18:11-13, CW 56.1 Statement ¶ 74, Acuna Dep. 14:7-8[3], CW 56.1 Statement ¶ 79, Rojas Dep. 15:13-14, CW 56.1 Statement ¶ 82, Ovando-Zepeda Dep. 12:2-4, 15:8-13.) Peru was sued as a defendant in this lawsuit, but has not appeared. There is no consistent, undisputed answer on whom Peru worked

---

[3] The Carben Defendants have noted that Mr. Acuna identified someone named "Perucho." "Perucho" can be used as a slang demonym for people from Peru. Mr. Acuna goes on to say that he knew him as "Peru." (Acuna Dep. 12:3-5)

for. Omar Rodriguez testified that Peru worked for Countywide. (CW Rule 56.1 Statement ¶ 54, Rodriguez Dep., 16:16-17). Plaintiff Rojas testified that he believed Peru worked for County-Wide. (Carben 56.1 Statement ¶ 13, Rojas Dep. 12:23-13:9). Anthony Derasmo testified that he had "no idea" whether Peru worked for Batrume. (CW Rule 56.1 Statement ¶ 54, Derasmo Dep. 65:4-7). County-Wide's analysis of Carter factors assumes a fact that is disputed and has no support in the record of this case - that Martin "Peru" was "Batrume's foreman." There is no testimony or document in the record setting forth that Peru was worked for Batrume – and neither Peru nor Batrume have appeared in the case in order to clarify this point. As such, this test is almost entirely uninformative.

The one exception is the fourth factor, the maintenance of employee records. While the record is scant on records, those that do exist, bear the name "County-Wide" – not "Carben" or "Batrume." The badges that employees used to access the 70 Schermerhorn site stated "County-Wide Construction." (CW Rule 56.1 Statement ¶ 54, Derasmo Dep. 56:6-15). The sign-in sheets that the Plaintiffs signed on the job site at 120 Water Street read "County Wide." (CW Rule 56.1 Statement ¶ 47, Ex. G. to Errington Affirmation.) County-Wide can disclaim that they maintained records, but the records themselves suggest otherwise.

### 2. Whether the County-Wide Defendants employed the Plaintiffs under the Zheng test is subject to disputed material facts

The Second Circuit also identified in *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003), a different set of factors in determining whether a manufacturer exercised "functional control" over subcontracted workers and was therefore their employers under the FLSA:

> 1) whether [the manufacturer's] premises and equipment were used for the plaintiffs' work; (2) whether the Contractor Corporations had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a

> discrete line-job that was integral to [the manufacturer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [manufacturer] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [manufacturer].

*Id.* at 72. *Zheng* emphasized that these factors were "nonexclusive and overlapping," *Id.* at 75. As this is a case of "vertical" joint employership, wherein there is a contractor-subcontractor relationship, the *Zheng* test is more relevant. "Vertical joint employment exists where an employee has a primary employer, referred to as an "intermediary employer," but the employee is "economically dependent on" another employer "with regard to the work performed for the" primary employer." *Suarez v Murray*, 2021 US Dist. LEXIS 65016, at *12-13 (SDNY 2021). Courts in this district have held that even where the *Carter* test is not satisfied, the Court should consider the *Zheng* factors. *See, e.g. Curry v P&G Auditors & Consultants*, LLC, 2021 US Dist. LEXIS 149402, at *11 (SDNY 2021).

An examination of the *Zheng* factors with regard to the Plaintiffs' work on the Water Street and Schermerhorn project shows that the factors are either neutral, or militate in favor of the Plaintiffs.

### a. *Neither the County-Wide Defendants, the Carben Defendants, or Batrume's premises and equipment were used for the plaintiffs' work*

As set forth above, the Plaintiffs worked at two sites, one ostensibly owned or controlled by the Rinaldi Group, one ostensibly owned or controlled by Noble Construction. As the place of work was not under the control of any of the entities at issue in this case, this factor is neutral.

### b. *Neither the Carben Defendants nor Batrume shifted its employee from one contractor to another*

Even assuming no direct employer-employee relationship between County-Wide and the Plaintiffs, County-Wide should still be held liable by this standard. There is no evidence in the record that the Plaintiffs were employed pursuant to contracts with any other company besides County-Wide. The relevant inquiry would be whether the work force employed by Carben or Batrume was or could have been sent to work for projects other than those of County-Wide. *See, e.g. Grenawalt* 642 F App'x at 38). ("But *Zheng* looked to whether the contractor—in this case, A-O—could shift its employees from one employer to another.") The evidence in the record shows only that to the extent that Plaintiffs worked for Carben or Batrume, they did so only for County-Wide projects. Indeed, the Plaintiffs had little to no knowledge of either Carben or Batrume prior to the instant action. (Carben 56.1 Statement, ¶ 9, Ovando-Zepeda Dep. T10:5-10, Carben 56.1 Statement, ¶ 12, Acuna Dep. T9:25-11:10, Carben 56.1 Statement, ¶ 13, Rojas Dep. T26:7-8). Had they been moved, as a group, by either Carben or Batrume to another job that did not involve County-Wide, it can be inferred that they at least would have heard of either of these other entities.

### c. *A reasonable jury could conclude that the plaintiffs performed a discrete line job that was integral to [the purported joint employer's] process of production*

It is well settled that this factor does not easily apply outside of the manufacturing context. *See, e.g. Jean-Louis v Metro. Cable Communs.*, Inc., 838 F Supp 2d 111, 134 (SDNY 2011). Courts in this Circuit have indicated that in applying this factor "both industry custom and historical practice should be consulted" since "insofar as the practice of using subcontractors to complete a particular task is widespread, it is unlikely to be a mere subterfuge to avoid complying with labor laws." *Id.* Indeed, County-Wide points to the pervasiveness of subcontracting as their sole argument for why this factor should fall in their favor. However, *Zheng* also cautions that "the

very prevalence of a custom may 'be attributable to widespread evasion of labor laws." 355 F.3d at 73-74.

> In 2021, the New York State legislature amended the New York Labor Law to read
>
> In the case of an action against a subcontractor, the contractor shall be considered jointly and severally liable for any unpaid wages, benefits, wage supplements, and any other remedies available pursuant to the requirements of section one hundred ninety-eight of this article.
>
> NY CLS Labor § 198-e(5)

While this provision was not in effect at the time the damages in this case accrued, the fact that the State of New York deemed wage theft in the construction industry to be a problem worth enacting such legislation should serve as evidence of that "widespread evasion of labor laws" contemplated by *Zheng*. The fact that the solution to this problem was to automate joint liability as between contractors and subcontractors indicates that the State of New York observed that one of the issues with wage theft could be attributable to contractors being permitted to disavow responsibility for their subcontractors. As such, the fact that subcontracting out labor is common in the construction context should not weigh in favor of County-Wide.

To the extent that this factor is applicable outside the manufacturing context, it should weigh in favor of the Plaintiffs. County-Wide is a construction company. (CW Rule 56.1 Statement ¶ 1, Derasmo Dep.3 14:7-14, 15:18-24; Derasmo Decl., ¶ 4). The jobs that are the subject of this case are one in which County-Wide was contracted to perform work on the job sites at 120 Water and 70 Schermerhorn were construction jobs. (CW Rule 56.1 Statement ¶ 21, Derasmo Dep. 26-27:11; Derasmo Decl. ¶ 18, CW Rule 56.1 Statement ¶ 33, Derasmo Dep. 26-27:11; Derasmo Decl., ¶ 16).). The Plaintiffs were construction workers at both sites. (CW Rule 56.1 Statement, Plaintiffs' Statement of Additional Facts ¶ 3, Ovando-Zepeda Dep. 10:5-10, Rodriguez Dep.

13:11-14, Mota Bautista Dep. 22:8-12, Acuna Dep. 10:11-14, Rojas Dep. 10:18-23) . In the context of the instant action, Plaintiffs' labor was indeed integral to County-Wide's business. The contracts between the respective general contracts on each site and County-Wide explicitly state that County-Wide was to supply labor, and each set forth restrictions and guidelines under which County-Wide was to supply this labor (CW Rule 56.1, Plaintiffs' Statement of Additional Facts ¶ 4, Ex. E to Errington Aff. Sec. 1.1, CW Rule 56.1, Plaintiffs' Statement of Additional Facts ¶ 6, Ex. F to Errington Aff. Sec. 1.1) The work that County-Wide contracted to perform on these projects could not have been accomplished without the labor that was provided by Plaintiffs and thus, this factor should weigh in favor of a finding of joint employership.

### d.  *Responsibility could pass from one subcontractor to another without material changes*

The proper inquiry is "…if the putative joint employer hired one contractor rather than another, the *same* employees would continue to do the *same* work in the *same* place." *Jean-Louis*, 838 F. Supp. 2d at 135 (emphasis original) (quoting *Zheng*, 355 F.3d at 74 n. 11). In effect, the query is, if the County-Wide Defendants subcontracted out their responsibilities on the 120 Water and 70 Schermerhorn sites to a company, other than Carben (or Batrume), would the same employees continue to do the same work in the same place. The County-Wide Defendants appear to state that they would not have, but this is mere counterfactual speculation. As the Plaintiffs were not employees of either Carben or Batrume prior to the Schermerhorn and Water Street Projects (as can be inferred by the fact that they had not heard of either Batrume or Carben) (Carben 56.1 Statement, ¶ 9, Ovando-Zepeda Dep. T10:5-10, Carben 56.1 Statement, ¶ 12, Acuna Dep. T9:25-11:10, Carben 56.1 Statement, ¶ 13, Rojas Dep. T26:7-8)), it seems just as likely that they could have been hired by this hypothetical subcontractor. This factor should thus be considered neutral.

### e. *The degree to which the putative joint employer supervised the Plaintiffs*

Courts in this District have ruled that "The inquiry under this factor is 'largely the same' as the inquiry under the second [formal control] factor." *Godlewska*, 916 F. Supp. 2d 264, 265 (EDNY 2013). As this is subject to disputed facts, a further analysis of which is set forth above, it should be considered neutral for the purposes of this inquiry.

### f. *The plaintiffs worked exclusively for the Water Street and Schermerhorn Projects during the relevant time periods*

Courts in this Circuit have found that this sixth *Zheng* factor is satisfied where the Plaintiffs worked on site for the putative joint employer; ie; that the subcontractor in question did not send them to work for other contractors concurrently. *See, e.g. Zavala v Pei Elec. Servs. Group Inc.*, 2022 US Dist. LEXIS 113675, at *34-35 (SDNY 2022) (Finding in favor of Plaintiffs where they showed that they worked exclusively on sites for the putative joint employer during the relevant time period), *Godlewska* at 265 (EDNY 2013) (Finding that this factor weighed in favor of plaintiffs where they worked full time for the purported joint employer's patients for the relevant time periods). Plaintiffs have provided sufficient testimony that this is the case.  It has not been alleged by either the Plaintiffs or either set of Defendants that the Plaintiffs worked on any other projects for Batrume or Carben while they were working on either the Schermerhorn or Water Street projects. Both the allegations in the Complaint and the testimony of the Plaintiffs indicate that they worked on these projects full time during the relevant time period. The Plaintiffs had never heard of either Carben or Batrume. (Carben 56.1 Statement, ¶ 9, Ovando-Zepeda Dep. T10:5-10, Carben 56.1 Statement, ¶ 12, Acuna Dep. T9:25-11:10, Carben 56.1 Statement, ¶ 13, Rojas Dep. T26:7-8). If they had been sent to other contractors' sites by either of these companies,

it can be inferred that they at least would have known their names. This factor thus weighs in favor of the Plaintiffs.

### B. To Resolve Factual Disputes in this Case Requires Credibility Determinations

It is well settled that where there is conflicting testimony in case, there exists a genuine issue of material fact. *Severino v 436 W. L.L.C.,* 2015 US Dist. LEXIS 181564, at *24 (SDNY 2015) The Plaintiffs contend that, at minimum, the record reflects genuine disputes of material facts. The record as it stands reflects discrepancies between the testimony of the Countywide Defendants, the testimony of the Carben Defendants and that of the Plaintiffs.

Where, "…the parties' contradictory facts are supported with adequate testimonial evidence and thus require a credibility determination, which is the proper function of a jury, not the Court. *Lee v Grand Sichuan E. (NY) Inc*., 2014 US Dist. LEXIS 6752, at *21-22 (SDNY 2014). As set forth above, a large part of the record in the instant case consists of the statements of the parties, whether from their depositions or in declarations. The testimony and declarations of each of the Defendants is largely self-serving, denying any responsibility for or knowledge of the labor performed pursuant to their own contracts. For example, Anthony Derasmo testified that Ronald Browning was responsible for the issuance of employee badges bearing the name "County-Wide" to the Plaintiffs. (CW Rule 56.1 Statement, ¶ 46, Derasmo Dep. 54:19-55:17, 61:16-62:5) while Messrs. Browning and LoGiudice testified that he had no involvement in it (CW Rule 56.1 Statement ¶ 46, Browning Dep. 37:6-12, LoGiudice Dep. 36:5-9). Identical language located in Section 6.3(a) of both County-Wide's contracts with Rinaldi Group (Ex. E to Errington Affirmation) and Noble Construction (Ex. F to Errington Affirmation) provide that County-Wide would:

16

…furnish and maintain an adequate and competent staff and workforce of skilled, competent, experienced, reliable and honest workers on the Project to carry out the Trade Contractor's obligations hereunder in an efficient and timely manner until completion of the Work and shall enforce discipline and order among Trade Contractor's employees and shall not employ on the Project any unfit person or anyone not properly skilled or trained in the task assigned."

Despite Anthony Derasmo's signature appearing on both Contracts (Ex. E and F to Errington Affirmation), Mr. Derasmo testified that County-Wide did not hire laborers (Derasmo Dep. 28:10-13) and has generally disclaimed any responsibility on County-Wide's behalf.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny the County-Wide Defendants' Motion for Summary Judgment.

Dated: New York, New York

      October 6, 2022

                    CSM LEGAL, P.C.

By:   /s/ Clela Errington         
       Clela A. Errington, Esq.
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiffs*