Lee M. Tesser +×
Steven Cohen*°
Stephen Paul Winkles*
Robert E. Bennett+
Francis A. Kirk*
Gina A. Makoujy, LL.M.+
Danielle E. Cohen*
Matthew Lakind*
Steven T. Keppler+



946 Main Street
Hackensack, New Jersey 07601

(201) 343-1100
Facsimile: (201) 343-0885
Writer's E-Mail: mlakind@tessercohen.com
www.TesserCohen.com

New York Office
30 Wall Street
8th Floor
New York, New York 10005-2205
(212) 226-1900
Facsimile: (201) 343-0885

* NY and NJ Bar
+ NJ Bar
× Mass. Bar
° Rule 1:40 Qualified Mediator

**VIA ELECTRONIC FILING, E-MAIL, AND OVERNIGHT MAIL**

October 6, 2022

Hon. Analisa Torres
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    Mota Bautista et al v. Countywide Builders, Inc. et al
                Index No.: 1:19-cv-08808-AT
                Our File No.: 2058-01

Dear Judge Torres:

This office represents Defendants, Carben Industries, Inc., Carben Concrete, Inc., Carben Construction, Inc., Anthony LoGiudice, and Ronald Browning (collectively, "Carben"). Please accept this letter in opposition to Defendant, County-Wide Construction Corp.'s ("County Wide"), motion for summary judgment insofar as it seeks dismissal of Carben's cross claim for indemnification. To the extent a common law indemnification claim is viable in the context of Plaintiffs' FLSA and NYLL claims, Carben is entitled to same to the extent Plaintiff has proven that CW had an obligation to pay Plaintiffs and breached that obligation. As discussed in Carben's own motion for summary judgment, it was not an employer of the Plaintiffs and no facts have been adduced indicating otherwise. In light of this fact, and to the extent the Court may find that CW was an employer of one or more of the Plaintiffs, then Carben would be entitled to common-law indemnification from CW on Plaintiffs' claims.

**TESSER & COHEN**

10/6/2022
Page 2 of 2

---

On a procedural note, it is Carben's understanding that CW sought summary judgment dismissing Carben's cross claim for common-law indemnification, but CW has not requested summary judgment in its favor regarding its affirmative claim against Carben for indemnification. To the extent CW may be requesting such relief, however, the reasons why CW is not entitled to same is addressed in Article III of Carben's Brief in Support of its Summary Judgment motion, and may be addressed further in any Reply.

Respectfully,

Matthew Lakind, Esq.
ML/ms
cc. All counsel (via electronic filing and e-mail)