# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 25, 2024

**VIA ECF**  
Honorable Robyn F. Tarnofsky  
United States Magistrate Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

Re: Mota Bautista et al v. Countywide Builders, Inc. et al  
19-cv-08808-RFT

Your Honor:

This office represents the Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. Defendants have signed separate agreements. Therefore, a copy of the Agreement between Defendants County-Wide Masonry Corp., Anthony Derasmo, and Plaintiffs is attached hereto as "Exhibit A." A copy of the Agreement between Defendants Carben Industries Inc., Carben Concrete Inc., Carben Construction Inc., Anthony LoGiudice, Ronald Browning and Plaintiffs is attached hereto as "Exhibit B." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiffs contend that they were employees of Defendants at their construction companies, Plaintiffs allege Defendants maintained a policy and practice of requiring Plaintiffs (and upon information and belief, other employees) to work in excess of forty hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

Defendants categorically deny the allegations in the complaint.

Page 2

2. **Settlement Terms**

Plaintiffs allege Defendants are liable for damages of $291,094.89 (including unpaid wages of $90,105.00 and other related damages, but excluding attorneys' fees). The parties have agreed to settle this action for the total sum of $100,000.00. Defendants County-Wide Masonry Corp., and Anthony Derasmo have agreed to pay $50,000.00. Defendants Carben Industries Inc., Carben Concrete Inc., Carben Construction Inc., Anthony LoGiudice and Ronald Browning have agreed to pay $50,000.00.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants contested the hours that Plaintiffs claimed they worked. Nevertheless, the parties agreed on the settlement amount of $100,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $33,784.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, net of costs.

Plaintiffs' counsel's lodestar in this case is $35,539.50 and counsel incurred $676.00 in expenses associated with litigating this case. A copy of Plaintiffs' billing record is attached as "Exhibit C." Plaintiffs' counsel is asking for less than their lodestar; the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs'. requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see*

Page 3

*also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i. Clela A. Errington was an associate at CSM Legal, P.C., formerly Michael Faillace & Associates. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joining Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021. Her work was billed at the rate of $350 per hour and indicated by the initials "CE."

ii. Catalina Sojo ("CS"), is the managing attorney of CSM Legal, PC, she graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $400 per hour.

iii. I, Mary Bianco ("MB") am an associate at CSM Legal, P.C. I graduated with a J.D. from Brooklyn Law School in 2021. Prior to joining CSM Legal in May 2023, I focused on immigration law, having worked as a staff attorney at Catholic Charities. My work is billed at a rate of $325 per hour.

iv. Work performed by paralegals is indicated by the initials "PL" and "PU" and billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/ Mary Bianco
    Mary Bianco
    CSM LEGAL, P.C.
    Attorneys for the Plaintiff

Enclosures

{00036049 - 1}