UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

COUNTY-WIDE MASONRY CORP., CARBEN INDUSTRIES, INC., CARBEN CONCRETE, INC., CARBEN CONSTRUCTION INC., ANTHONY DERASMO, ANTHONY LOGIUDICE, and RONALD BROWNING, AND MARTIN DOE a/k/a/ PERU,

*Defendants/Third Party Defendants*

19-cv-08808-AT

**SETTLEMENT AGREEMENT AND RELEASE**

---

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ, ("Plaintiffs") on the one hand, and Defendants COUNTY-WIDE MASONRY CORP., and ANTHONY DERASMO, ("Defendants" and "Third Party Defendants"), on the other hand. (Plaintiffs and Defendants are collectively denoted the "Parties.").

**WHEREAS**, Plaintiffs allege that they worked for Defendants as employees; and

**WHEREAS**, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, captioned (hereinafter "the Litigation"), *Mota Bautista et al v. Countywide Builders, Inc. et all,* alleging, among other things, violations of federal and state wage and hour laws;

**WHEREAS**, Defendants deny any violation of federal and state wage and hour laws; and

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

NOW, THEREFORE, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the Parties agree as follows:

1. **Settlement Payment**: Defendants County-Wide Masonry Corp., and Anthony Derasmo shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of the wage and hour claims brought in the Litigation by Plaintiffs against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of One Hundred Thousand Dollars and No Cents (**$50,000.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

(a) First Installment: A check in the amount of Fifteen Thousand Dollars and No Cents ($15,000.00) made payable to "CSM Legal P.C.," for immediate deposit thirty (30) days after Court approval of the Agreement, delivered to Plaintiffs' counsel. Of this amount, $5,067.60 shall be apportioned to Plaintiffs' counsel as attorneys' fees and costs, and the remainder ($9,932.40), shall be apportioned to Plaintiffs as follows:

| Plaintiff | Amount (USD) |
|---|---|
| Gerardo Mota Bautista | $775.81 |
| Hugo Bautista | $746.05 |
| Juan Luis Ovando Zepeda | $1,557.89 |
| Juan Zepeda | $1,873.07 |
| Julio Richardo Alvarez Macatoma | $1,507.97 |
| Leoncio Torres Acuna | $992.50 |
| Mario Morales Rojas | $884.61 |
| Omar Rodriguez | $896.18 |
| Antonio Limon Hernandez | $698.32 |

(b) Second through twelfth installments: Checks in the amounts of Two Thousand Nine Hundred and Sixteen Dollars and Seventeen Cents ($2,916.63) made payable to "CSM Legal P.C.," for immediate deposit thirty (30) days after the previous payment, delivered to Plaintiff's counsel. Of this amount, $985.33 shall be apportioned to Plaintiffs' counsel as attorney's fees and costs, and the remainder ($1,931.30), shall be apportioned to Plaintiffs as follows:

| Plaintiff | Amount (USD) |
|---|---|
| Gerardo Mota Bautista | $150.85 |
| Hugo Bautista | $145.06 |
| Juan Luis Ovando Zepeda | $302.92 |
| Juan Zepeda | $324.22 |
| Julio Richardo Alvarez Macatoma | $293.21 |
| Leoncio Torres Acuna | $192.98 |
| Mario Morales Rojas | $172.01 |
| Omar Rodriguez | $174.26 |
| Antonio Limon Hernandez | $135.78 |

(c) Thirteenth Installment: Check in the amount of Two Thousand Nine Hundred and Sixteen Dollars and Sixty Seven Cents ($2,916.67) made payable to "CSM Legal P.C.," for immediate deposit thirty (30) days after the previous payment, delivered to Plaintiffs' counsel. Of this amount, $985.37 shall be apportioned to Plaintiffs' counsel as attorney's fees and costs, and the remainder ($1,931.30), shall be apportioned to Plaintiffs as follows:

| Plaintiff | Amount (USD) |
|---|---|
| Gerardo Mota Bautista | $150.86 |
| Hugo Bautista | $145.07 |
| Juan Luis Ovando Zepeda | $302.92 |
| Juan Zepeda | $364.21 |
| Julio Richardo Alvarez Macatoma | $293.21 |
| Leoncio Torres Acuna | $192.98 |
| Mario Morales Rojas | $172.01 |
| Omar Rodriguez | $174.25 |
| Antonio Limon Hernandez | $135.79 |

(d) The payments set forth above in the Paragraphs shall be delivered to the office of CSM Legal, P.C. to the attention of Mary Bianco, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

(e) Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed collectively hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within seven (7) days of receipt of written notice (to be delivered to Defendants' Counsel by email to Laurence Jay Lebowitz at (llebowitz@dsblawny.com).[1] Such notice of default will be deemed given on the first business day following electronic transmission thereof.

(f) Plaintiffs agree to be responsible for any taxes associated with the settlement payment made to him hereunder. Plaintiffs agree to indemnify and hold harmless Defendants for any taxes, penalties or interest assessed as a result of an audit by the taxing authorities inasmuch as any taxes, penalties or interest assessed are directly related to the payment made in satisfaction of this settlement.

(g) Plaintiffs' counsel agrees to be responsible for any taxes associated with the settlement payment made to Plaintiffs' counsel hereunder. Plaintiffs' counsel agrees to indemnify and hold harmless Defendants for any taxes, penalties or interest assessed as a result of an audit by the taxing authorities inasmuch as any taxes, penalties or interest assessed are directly related to the payment made in satisfaction of this settlement.

2. **Release and Covenant Not To Sue**: Plaintiffs hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for

---

[1] Failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation. Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims").

3. **No Admission of Liability or Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

5. **Acknowledgments:** Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. **Notices:** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 1 (c), shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiffs:**

Mary Bianco, Esq.
CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
Email: mary@csm-legal.com

**To Defendants:**

Laurence Jay Lebowitz
Dealy, Silberstein & Braverman LLP
225 Broadway, Suite 1240
New York, NY 10007
Email: llebowitz@bsblawny.com

7. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding

to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

8. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification:** Defendants have afforded Plaintiffs the opportunity to discuss the terms of this Agreement and release of claims with their legal counsel prior to his entering into the Agreement, and Plaintiffs acknowledge that they had the opportunity to consult with CSM Legal, P.C., Plaintiffs acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiffs confirm that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

11. **Dismissal of the Action:** Upon Plaintiffs' counsel's receipt of the Settlement Payment from Defendants pursuant to Paragraph 1 above, Plaintiffs' counsel will execute the Stipulation of Dismissal with Prejudice, attached hereto as <u>Exhibit A</u>, dismissing this Action.

**WHEREFORE,** the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

**PLAINTIFFS**
<u>GERARDO MOTA BAUTISTA</u>

_____         Date: _04/22/2024_

<u>HUGO BAUTISTA</u>

_____         Date: _____

<u>JUAN LUIS OVANDO ZEPEDA</u>

to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

8. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification:** Defendants have afforded Plaintiffs the opportunity to discuss the terms of this Agreement and release of claims with their legal counsel prior to his entering into the Agreement, and Plaintiffs acknowledge that they had the opportunity to consult with CSM Legal, P.C., Plaintiffs acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiffs confirm that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

11. **Dismissal of the Action:** Upon Plaintiffs' counsel's receipt of the Settlement Payment from Defendants pursuant to Paragraph 1 above, Plaintiffs' counsel will execute the Stipulation of Dismissal with Prejudice, attached hereto as <u>Exhibit A</u>, dismissing this Action.

**WHEREFORE**, the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

**PLAINTIFFS**
**GERARDO MOTA BAUTISTA**

_____          Date: _____

**HUGO BAUTISTA**

X _[signature]_                                            Date: 04/22/24

**JUAN LUIS OVANDO ZEPEDA**

to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

8. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification:** Defendants have afforded Plaintiffs the opportunity to discuss the terms of this Agreement and release of claims with their legal counsel prior to his entering into the Agreement, and Plaintiffs acknowledge that they had the opportunity to consult with CSM Legal, P.C., Plaintiffs acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiffs confirm that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

11. **Dismissal of the Action:** Upon Plaintiffs' counsel's receipt of the Settlement Payment from Defendants pursuant to Paragraph 1 above, Plaintiffs' counsel will execute the Stipulation of Dismissal with Prejudice, attached hereto as <u>Exhibit A</u>, dismissing this Action.

**WHEREFORE**, the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.


**PLAINTIFFS**
<u>GERARDO MOTA BAUTISTA</u>


_____          Date:_____

<u>HUGO BAUTISTA</u>

_____          Date:_____

<u>JUAN LUIS OVANDO ZEPEDA</u>

_[signature]_                                          04-18-24

_____       Date: _____

**JUAN ZEPEDA**

*/s/ Jul*_____       Date: 4/17/24

**JULIO RICHARDO ALAVAREZ MACATOMA**

_____       Date: _____

**LEONCIO TORRES ACUNA**

_____       Date: _____

**MARIO MORALES ROJAS**

_____       Date: _____

**OMAR RODRIGUEZ**

_____       Date: _____

**ANTONIO LIMON HERNANDEZ**

**DEFENDANTS**
**COUNTY-WIDE MASONRY CORP.**

_____       Date: _____

**BY: ANTHONY DERASMO**

_____       Date:_____

**ANTHONY DERASMO**

_____   Date: _____

**JUAN ZEPEDA**

_____   Date: _____

**JULIO RICARDO ALVAREZ MARCATOMA**

*/s/ [signature]*   Date: **04-22-2024**

**LEONCIO TORRES ACUNA**

_____   Date: _____

**MARIO MORALES ROJAS**

_____   Date: _____

**OMAR RODRIGUEZ**

_____   Date: _____

**ANTONIO LIMON HERNANDEZ**

_____   Date: _____

**DEFENDANTS**
**COUNTY-WIDE MASONRY CORP.**

_____   Date: _____

**BY: ANTHONY DERASMO**

_____   Date:_____

**ANTHONY DERASMO**

_____              Date: _____

JUAN ZEPEDA

_____              Date: _____

JULIO RICHARDO ALAVAREZ MACATOMA

_____              Date: _____

LEONCIO TORRES ACUNA

_____              Date: 04-22-24

MARIO MORALES ROJAS

_____              Date: _____

OMAR RODRIGUEZ

_____              Date: _____

ANTONIO LIMON HERNANDEZ

_____              Date: _____

**DEFENDANTS**
COUNTY-WIDE MASONRY CORP.

_____              Date: _____
BY: ANTHONY DERASMO

_____              Date:_____
ANTHONY DERASMO

_____  Date: _____

JUAN ZEPEDA

_____  Date: _____

JULIO RICHARDO ALAVAREZ MACATOMA

_____  Date: _____

LEONCIO TORRES ACUNA

_____  Date: _____

MARIO MORALES ROJAS

*[signature]*  Date: 4-17-24

OMAR RODRIGUEZ

_____  Date: _____

ANTONIO LIMON HERNANDEZ

_____  Date: _____

**DEFENDANTS**
COUNTY-WIDE MASONRY CORP.

_____  Date: _____
BY: ANTHONY DERASMO

_____  Date:_____
ANTHONY DERASMO

_____  Date: _____

JUAN ZEPEDA

_____  Date: _____

JULIO RICHARDO ALAVAREZ MACATOMA

_____  Date: _____

LEONCIO TORRES ACUNA

_____  Date: _____

MARIO MORALES ROJAS

_____  Date: _____

OMAR RODRIGUEZ

*[signature: Omar Rodriguez]*

_____  Date: 04/22/24

ANTONIO LIMON HERNANDEZ

_____  Date: _____

**DEFENDANTS**
COUNTY-WIDE MASONRY CORP.

_____  Date: _____

BY: ANTHONY DERASMO

_____  Date: _____

ANTHONY DERASMO

_____  Date: _____

JUAN ZEPEDA

_____  Date: _____

JULIO RICHARDO ALAVAREZ MACATOMA

_____  Date: _____

LEONCIO TORRES ACUNA

_____  Date: _____

MARIO MORALES ROJAS

_____  Date: _____

OMAR RODRIGUEZ

_____  Date: _____

ANTONIO LIMON HERNANDEZ

*/s/ Antonio Hernandez*  Date: 4 22 2024

**DEFENDANTS**
COUNTY-WIDE MASONRY CORP.

_____  Date: _____

BY: ANTHONY DERASMO

_____  Date: _____

ANTHONY DERASMO

_____          Date: _____

JUAN ZEPEDA

_____          Date: _____

JULIO RICHARDO ALAVAREZ MACATOMA

_____          Date: _____

LEONCIO TORRES ACUNA

_____          Date: _____

MARIO MORALES ROJAS

_____          Date: _____

OMAR RODRIGUEZ

_____          Date: _____

ANTONIO LIMON HERNANDEZ

_____          Date: _____

**DEFENDANTS**
COUNTY-WIDE MASONRY CORP.

_/s/ Anthony DeRasmo_             Date: 4.18.24
BY: ANTHONY DERASMO

_/s/ Anthony DeRasmo_             Date: 4.18.24
ANTHONY DERASMO

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs*,<br><br>-against-<br><br>COUNTY-WIDE MASONRY CORP., CARBEN INDUSTRIES INC., CARBEN CONCRETE INC., ANTONY DERASMO, ANTHONY LOGIUDICE, and RONALD BROWNING,<br><br>*Defendants.* | 19-cv-08808<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned Parties, through their respective counsel, that the above action be and is hereby dismissed with prejudice, without costs to either party. This stipulation is limited to Defendants County-Wide Masonry Corp. and Anthony Derasmo.

_____    _____

Mary Bianco, Esq.
CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165

Laurence Jay Lebowitz
Dealy, Silberstein & Braverman LLP
225 Broadway, Suite 1240
New York, NY 10007

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
WESTCHESTER COUNTY
---------------------------------------x

GERARDO MOTA BAUTISTA, HUGO
BAUTISTA, JUAN LUIS OVANDO ZEPEDA,
JUAN ZEPEDA, JULIO RICARDO ALVAREZ
MACATOMA, LEONCIO TORRES ACUNA,
MARIO MORALES ROJAS, OMAR
RODRIGUEZ, and ANTONIO LIMON
HERNANDEZ,

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

*Plaintiffs,*

-against-

COUNTY-WIDE MASONRY CORP., CARBEN
INDUSTRIES CONCRETE, INC., CARBEN
CONSTRUCTION INC., ANTHONY DERASMO,
ANTHONY LOGIUDICE, and RONALD
BROWNING,

*Defendants.*
---------------------------------------x

STATE OF NEW YORK    )
                     : ss.:
WESTCHESTER COUNTY   )

1. I reside in Westchester County, New York.

2. I, ANTHONY DERASMO, am the Owner of COUNTY-WIDE MASONRY CORP., I am duly authorized to make this affidavit of confession of judgment on behalf of COUNTY-WIDE MASONRY CORP.

3. COUNTY-WIDE MASONRY CORP maintains its principal place of business in 87 Wolfs Lane, Village of Pelham, NY 10803.

4. Pursuant to the terms of the Settlement Agreement and Release by and between GERARDO MOTA BAUTISTA, HUGO BAUTISTA, JUAN LUIS OVANDO ZEPEDA, JUAN ZEPEDA, JULIO RICARDO ALVAREZ MACATOMA, LEONCIO TORRES ACUNA, MARIO MORALES ROJAS, OMAR RODRIGUEZ, and ANTONIO LIMON HERNANDEZ on the one hand, and COUNTY-WIDE MASONRY CORP., CARBEN INDUSTRIES INC., CARBEN CONCRETE INC., CARBEN CONSTRUCTION INC., ANTHONY DERASMO, ANTHONY LOGIUDICE, and RONALD BROWNING (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry

thereof against COUNTY-WIDE MASONRY CORP in favor of Plaintiffs for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants County-Wide Masonry Corp. and Anthony Derasmo are to submit a total sum of $50,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $50,000.00.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Westchester County, as a judgment for $50,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against COUNTY-WIDE MASONRY CORP.

COUNTY-WIDE MASONRY CORP

By: _____
ANTHONY DERASMO
Title: Owner

STATE OF New York )
                  : ss.:

On April 18, 2024, before me personally came Anthony Derasmo, to me known, who, by me duly sworn, did depose and say that deponent resides at 711 S. Columbus Ave, that deponent is the Owner of COUNTY-WIDE MASONRY CORP the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of COUNTY-WIDE MASONRY CORP and was authorized to do so.

Notary Public

JACOB LEIMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02LE6304423
Qualified in New York County
Commission Expires October 21, 2024